**Elbert F. SPENCER, Respondent,**

v.

**VILLAGE OF DeKALB, Missouri, a Municipal Corporation, Appellant.**

No. 51948.

Supreme Court of Missouri, Division No. 2.

Nov. 14, 1966.

R. A. Brown, St. Joseph, Brown, Douglas & Brown, St. Joseph, of counsel, for respondent.

Clem W. Fairchild, Herbert M. Kohn, Kansas City, Linde, Thomson, VanDyke, Fairchild & Langworthy, Kansas City, of counsel, for appellant.

DONNELLY, Judge.

This is a suit under the Declaratory Judgments Act, §§ 527.010 to 527.140 RSMo 1959, V.A.M.S. Plaintiff Spencer, in his petition, alleges that he is a resident, property owner, and taxpayer in the Village of DeKalb, Missouri. Defendant is the Village of DeKalb.

In 1962, the Village of DeKalb suffered a disastrous fire which could not be controlled because the Village did not have a water system. After the fire, two men, Lamb and Audsley, contacted the Village officials about a water system. Feasibility studies were entered into and, as a result, a proposal was made to obtain water from the Missouri River Bottoms west of DeKalb and to serve DeKalb and various other communities and users in the area. The estimated cost of the system was $505,000. In due time an election was held in the Village of DeKalb, pursuant to ordinance, and a revenue bond issue was carried. Revenue bonds in a total amount of $505,000 were sold. A check for $505,000 was delivered to the Village officials and was deposited in a Kansas City bank. Construction of the water system began. At the time of trial, the project was seventy percent completed and approximately $425,000 had been expended.

The trial court entered judgment for plaintiff and made the following order: "IT IS THEREFORE considered, adjudged and declared by the Court that the ordinance of the Board of Trustees of the Village of DeKalb authorizing the election held April 2, 1963, in the Village of DeKalb was and is illegal, null and void and of no force and effect; that the issuance and sale of the bonds was and is illegal, null and void and of no force and effect; that the contract between the Village of DeKalb and the engineers for the drawing of plans and specifications was and is illegal, null and void and of no force and effect; and that the contract with the Mohawk Construction Company was and is illegal, null and void and of no force and effect.

"It is by the Court ordered that the Village of DeKalb be and is hereby enjoined and restrained from proceeding with the construction and erection of the water works system for which said bonds were voted; from paying any sums to the Mohawk Construction Company or the engineers employed to prepare plans and specifications, and from paying any sums whatsoever on the bonds."

We do not reach the merits for we are of the opinion that the case must be reversed and remanded for new trial on all issues, because under the evidence plaintiff

is not shown to have a legally protectible interest sufficient to allow him to maintain this suit.

In State ex rel. Chilcutt v. Thatch, 359 Mo. 122, at 129 and 130, 221 S.W.2d 172, at 176, this Court en Banc stated: "No justiciable controversy exists and no justiciable question is presented unless an actual controversy exists between persons whose interests are adverse in fact. Plaintiff must have a *legally protectible interest* at stake and the question presented must be appropriate and ready for judicial decision. Borchard, Declaratory Judgments, p. 40; City of Joplin v. Jasper County, 349 Mo. 441, 161 S.W.2d 411; Odom v. Langston, 355 Mo. 115, 195 S.W.2d 466. Plaintiff's petition must present a real and substantial controversy admitting of *specific relief* through a decree of a *conclusive character,* as distinguished from a decree which is merely advisory as to the state of the law upon purely hypothetical facts. Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617, 108 A.L.R. 1000; Anderson, Declaratory Judgments, p. 27, 16 Am. Juris., Sec. 46. Actions are merely advisory when there is an insufficient interest in either plaintiff or defendant to justify judicial determination, i. e., where the judgment sought would not constitute a specific relief to one party or the other. They are merely advisory when the judgment would not settle actual rights. If actual rights cannot be settled the decree would be a pronouncement of only academic interest. Plaintiff must have a legal interest in the relief he seeks. The question is justiciable only where the judgment will declare a fixed legal right and accomplish a useful purpose. Plaintiff must present a state of facts from which he has present legal rights against those he names as defendants with respect to which he may be entitled to some *consequential relief* immediate or prospective. If it appears plaintiff can have no relief against defendant, defendant should not be forced into litigation which can have no possible final result in favor of plaintiff. 1 C.J.S. Actions § 18, page 1031. See cases

collected in 23 Words and Phrases, Perm. Ed., page 473, and in 2 West's Missouri Digest, Action, ☞6."

Plaintiff testified on direct examination as follows:

"Q  Do you own real estate in DeKalb? A  I do.

"Q  How long have you owned it?

"A  Bought it in 1958.

"Q  Do you own personal property in DeKalb?

"A  Well, what is in my home, yes.

"Q  Do you pay taxes?  A  I do.

"Q  To the Village of DeKalb?  A  Yes.

"Q  How long have you paid them?

"A  Well, ever since I have been there.

"Q  Do you vote in the village elections of DeKalb as a resident of DeKalb? A  I do.

"Q  How long have you done that?

"A  Since '58 when I moved there."

Plaintiff testified on cross-examination as follows:

"Q  Can you at this time state in any way in which you have been aggrieved by this bond issue and the subsequent events?

"A  No; not the bond issue certainly.

"Q  You are effected [sic] in no way at all at this point, are you?  A  I have stated no."

Plaintiff devotes nearly four pages of his brief to attempts to evidence a legally protectible interest. The weakness of his position is that there is no evidence in the record to support his assertions. "The declaratory judgment act is not designed to adjudicate hypothetical or speculative situations which may never come to pass." MFA Mutual Ins. Co. v. Hill, Mo.Sup., 320 S.W.2d 559, 564. In view of the fact

that the revenue bonds in evidence provide that neither they nor the interest thereon shall be paid in whole or in part out of funds raised by taxation, the fact that plaintiff is a taxpayer is not sufficient *of itself* to show plaintiff could have been adversely affected by the actions of the Village of DeKalb. On the evidence adduced, plaintiff has shown no interest sufficient to maintain this suit. However, we have reviewed the record and have concluded that the case should be remanded for such additional action in this regard as plaintiff may care to take. It is possible that facts not disclosed in the record may be made to appear on the new trial. Finnegan v. Missouri Pacific R. Co., 244 Mo. 608, 149 S.W. 612. Examples of cases where taxpayers were allowed to sue are Woodmansee v. Kansas City, 346 Mo. 919, 144 S.W.2d 137, and Grossman v. Public Water Supply Dist. No. 1 of Clay County, 339 Mo. 344, 96 S.W.2d 701. In those cases, the taxpayers could have been adversely affected by the actions of the governmental entity involved. Also, see Annotation, 174 A.L.R. 549.

 Another question must be considered. Defendant asserts that the trial court erred in granting relief to plaintiff because the bondholders were not made parties to the suit. This assertion was not made in the trial court. However, the case must be remanded for new trial for reasons set forth above and we need not consider whether defendant waived this defect of parties by failure to raise it in the trial court. (See Casper v. Lee, 362 Mo. 927, 245 S.W.2d 132; Ray v. Nethery, Mo. Sup., 255 S.W.2d 817; and cases cited in 71 A.L.R.2d 723.)

Section 527.110, RSMo 1959, V.A.M.S., reads in part as follows: "When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceedings."

The bondholders have an "interest which would be affected by the declaration." We suggest they be made parties upon re-trial of the case. It may be that the Mohawk Construction Company and the engineers employed to prepare plans and specifications have interests "which would be affected by the declaration." We are unable to determine this question on the record in this case.

The judgment is reversed and the cause remanded for proceedings consistent with this opinion.

All of the Judges concur.