**Paris MOSELEY et al., Plaintiffs-Appellants,**

v.

**CITY OF MOUNTAIN GROVE, Missouri, et al., Defendants-Respondents.**

**No. 9367.**

Missouri Court of Appeals, Springfield District.

June 6, 1975.

Gregory C. Stockard, Jefferson City, E. C. Curtis, L. J. Knauer, Farrington, Curtis & Strong, Springfield, for plaintiffs-appellants.

James E. Miller, B. H. Clampett, Daniel, Clampett, Ellis, Rittershouse & Dalton, Springfield, for defendants-respondents.

PER CURIAM.

Plaintiffs appeal from an order of the trial court sustaining defendants' motion to dismiss plaintiffs' petition on the ground that the petition fails to state a claim upon which relief can be granted. The order is appealable. Spires v. Edgar, 513 S.W.2d 372, 373[2] (Mo. banc 1974).

■ Where a petition is attacked by a motion to dismiss for failure to state a claim, the mere conclusions of the pleader are not admitted. Tolliver v. Standard Oil Company, 431 S.W.2d 159, 162[2] (Mo.1968). But the facts alleged are taken to be true and the pleader is entitled to all favorable inferences fairly deducible therefrom. Parker v. Sherman, 456 S.W.2d 577, 578[2] (Mo. 1970). If such facts and such inferences, viewed most favorably from plaintiffs' standpoint, show any ground for relief, the petition should not be dismissed. Johnson v. Great Heritage Life Ins. Co., 490 S.W.2d 686, 690[9] (Mo.App.1973).

The petition must be analyzed in light of the foregoing principles.

Plaintiffs are "residents, property owners and taxpaying citizens" of the City of Mountain Grove, Missouri, a city of the third class, and they bring this action "for and on behalf of themselves and all other property owners and taxpayers and inhabitants of said City." Defendants are the City of Mountain Grove, its mayor and the members of its council.

The petition seeks an injunction restraining the defendants from selling or otherwise negotiating *revenue* bonds authorized by an election held in the City of Mountain Grove, Missouri, on November 28, 1967, and restraining the defendants "from negotiating for the purchase or from executing any contract or contracts with any person or persons for the construction of an electrical transmission and distribution system within [the City] and from the construction of such a system in any manner."

The petition alleges that the issuance and sale of the revenue bonds and the purchase or construction of the electrical system are unlawful on two grounds, to-wit: first, the proposition submitted to the voters was improperly stated on the ballot; second, certain statutory procedures allegedly "prerequisite to the issuance of said bonds and the purchase or construction" of the system were not followed.

The petition states facts in support of both of said grounds, but, in view of the disposition of this appeal, those facts need not be recited nor their adequacy explored.

The petition further alleges that the defendants, unless restrained, will sell the bonds and proceed to purchase or construct the system and place it in operation.

Immediately prior to the prayer, and after making the foregoing allegations, the plaintiffs plead:

"4. That plaintiffs will suffer irreparable injury, harm and damage if the aforesaid action now contemplated and threatened by the defendant City of Mountain Grove is carried out and that plaintiffs have no adequate remedy at law."

■ An injunction will not be granted unless there is some substantial right to be protected. Higday v. Nickolaus, 469 S.W.2d 859, 864[11] (Mo.App.1971). The indispensable basis for injunctive relief is the wrongful and injurious invasion of some legal right existing in plaintiff, Howe v. Standard Oil Company of Indiana, 150 S.W.2d 496, 497[1] (Mo.App.1941), although the writ will issue also if invasion of that right is threatened by one having the power to do the wrong. Ewing v. Kansas City, Missouri, 238 Mo.App. 266, 180 S.W.2d 234, 240[1–3] (1944). The remedy is one which is to be used sparingly and in clear cases only. Ewing v. Kansas City, Missouri, supra, at p. 239.

■ Have the plaintiffs pleaded a litigable interest in the bonds and in the proposed electrical system sufficient to entitle them to maintain this action? The question must be answered in the negative.

In Spencer v. Village of DeKalb, 408 S.W.2d 78 (Mo.1966), a declaratory judgment action was brought by plaintiff Spencer against the village of DeKalb, Missouri. Spencer alleged, as do the plaintiffs in the case at bar, that he was a "resident, property owner and taxpayer" in DeKalb.

Pursuant to ordinance, an election was held and a revenue bond issue was carried. The purpose of the revenue bonds was to finance the construction of a water system. The trial court entered judgment in favor of Spencer and declared that the ordinance authorizing the election was void and that the issuance and sale of the bonds "was and is illegal." The village of DeKalb was enjoined and restrained from proceeding with the construction and erection of the water works system for which said bonds were voted.

Our Supreme Court, speaking through Judge Donnelly, reversed and remanded the case "because under the evidence plaintiff is not shown to have a legally protectible interest sufficient to allow him to maintain this suit." Spencer, supra, at p. 79. Testimony by Spencer that he owned real estate in DeKalb, paid taxes there, and voted in the village elections was held insufficient to evidence a legally protectible interest.

At p. 80 the court said: "In view of the fact that the revenue bonds in evidence provide that neither they nor the interest thereon shall be paid in whole or in part out of funds raised by taxation, the fact that plaintiff is a taxpayer is not sufficient *of itself* to show plaintiff could have been adversely affected by the actions of the Village of Dekalb. On the evidence adduced plaintiff has shown no evidence sufficient to maintain this suit."

Similarly, in Collins v. Vernon, 512 S.W.2d 470 (Mo.App.1974) a taxpayer brought an action to enjoin the defendant City of Eldon, a fourth class city, from selling property which had been used as an airport and had been designated as a park. The trial court had sustained a motion to dismiss the petition for failure to state a claim and this ruling was affirmed. The petition, held to be defective, alleged that plaintiffs were "residents, citizens and taxpayers of the City of Eldon" although they did not claim any title or ownership to the land involved. At. p. 473, the Kansas City

District of this court, speaking through Judge Swofford, said: "It is a well-recognized rule that an aggrieved taxpayer may institute a suit against a governmental unit to seek relief for an alleged illegal or improper act. This rule was first recognized in the jurisprudence of this state in Newmeyer v. Mo. & Miss. R. R. Co., 52 Mo. 81 (1873). The rationale for such a rule is that a taxpayer has an 'equitable ownership' of public funds and any illegal expenditure of such funds will subject the taxpayer to a liability to '. . . replenish any deficiency resulting from the misappropriation.' Everett v. County of Clinton, 282 S.W.2d 30, 35 (Mo.1955)."

The court stated that since plaintiffs made no claim of ownership of the property involved they were required "to plead with specificity such damages in their posture as taxpayers."

The court cited Fugate v. McManama, 50 Mo.App. 39, 42 (1892), where two plaintiffs sought injunctive relief against the members of a school board to prevent them from opening a separate school. The court affirmed a judgment for the defendants "for the reason that the plaintiffs failed to show the extent of their interests which (if at all) were injuriously affected by the irregular action of the directors."

In Collins the court pointed out that an appellate court looks beyond "the bare facts of the petition to determine if the ultimate fact of damages arises as a necessary conclusion from the facts stated in the petition." However, the record failed to reveal that plaintiffs alleged any damage or injury to themselves as taxpayers "in the way of increased tax burdens." The court concluded that the plaintiffs did not plead sufficient elements of damage "to maintain their position as proper parties plaintiff."

It must be kept in mind that the instant petition alleges that the bonds were *revenue* bonds.

448

The nature of revenue bonds was discussed by our Supreme Court in Wring v. City of Jefferson, 413 S.W.2d 292 (Mo. banc 1967). The court referred to Mo.Const. Art. 6, § 27, V.A.M.S., relating to revenue bonds, and Art. 6, § 23(a), relating to general obligations of specified cities, towns and villages. At p. 300 the court, speaking through Chief Justice Storckman, said: "Comparison of pertinent portions of § 23(a) and § 27 of Art. 6 further demonstrates the greater power and flexibility conferred directly on the municipalities by § 27. For instance, § 23(a) provides that the cities specified may become indebted for the purchase or construction of manufacturing and industrial plants to be leased or otherwise disposed of pursuant to law to private persons or corporations. The basic theory of revenue bonds as expressed in § 27 is to prevent the cities from becoming indebted for any of the projects authorized. The latter part expressly provides that the revenue bonds and interest shall be payable *solely* from the revenues derived from the facility. Section 23(a) further provides that the indebtedness incurred thereunder shall not exceed ten percent of the value of taxable tangible property in the city. By contrast, § 27 imposes no limitation upon the amount of revenue bonds that may be issued. The language of § 27 and its constitutional context indicates an intention to avoid any general obligation or liability being imposed on the city in connection with the industrial plant proposed."

See also Wunderlich v. City of St. Louis, 511 S.W.2d 753, 755 (Mo. banc 1974) for a discussion of "revenue bonds" which are not paid directly or indirectly by resort to taxation, and "general obligation bonds" which are payable by utilization of the full taxing power of the issuing entity.

"The courts have generally held that where self-liquidating bonds are issued by a municipal corporation or other governmental unit, the payment of which shall be made solely from the revenues to be derived from the facility or utility to be financed by the bonds and which payment shall not become a general obligation of the governmental unit issuing the same, a taxpayer has no litigable interest in connection with such bonds so as to enjoin their issuance." 74 Am.Jur.2d Taxpayers' Actions § 21, p. 226.

Although Spencer v. Village of DeKalb, supra, was a declaratory judgment action, and the case at bar is an action for an injunction, plaintiffs in the latter type must also plead a litigable interest.

"The principle that to entitle a person to sue in equity, it must appear that he individually or in a representative capacity has some present, real, and substantial interest in the cause of action, applies when one seeks to invoke the jurisdiction of equity for injunctive relief. The plaintiff must have sufficient title or interest in the right or property sought to be protected, and unless he has such title or interest, his suit will not be entertained. Those who are not affected or who are but remotely affected by the acts complained of have no standing in court to enjoin them." 42 Am.Jur.2d Injunctions § 257, p. 1046.

"The right of a citizen or taxpayer to restrain acts of public officials is in some instances granted or regulated by statute, but ordinarily, and in the absence of statute, private citizens or corporations must possess something more than a common concern for obedience to law before they will be permitted to maintain injunction suits against public officers. A private person who wishes to restrain an official act must allege and prove damage to himself different in character from that sustained by the public generally. The reason for the rule rests in the sound public policy of protecting the public corporation or its officers from a multiplicity of suits." 42 Am. Jur.2d Injunctions § 179, p. 949.

An examination of paragraph 4 of the instant petition, set out earlier in this opinion, discloses that it states no *facts* showing

that plaintiffs have no adequate remedy at law, nor does it state *facts* showing irreparable injury to plaintiffs by reason of the conduct sought to be enjoined.

■ An allegation that plaintiffs have no adequate remedy at law is itself a mere legal conclusion and is not, standing along, a sufficient allegation of an inadequacy of a remedy at law. State ex rel. Janus v. Ferriss, 344 S.W.2d 656, 659[1] (Mo.App.1961).

The following language appears in State v. Horner, 187 S.W.2d 976, 979[5] (Mo.App. 1945): "There are no facts pleaded in the petition which show in the remotest degree that plaintiffs will be irreparably damaged if not granted the relief prayed for. It is only a mere statement of the conclusion of the pleader. The petition does not affirmatively show on its face by the facts pleaded that plaintiffs have no adequate and complete remedy at law. Such allegations in the petition are jurisdictional and must be pleaded. Benton County v. Morgan, 163 Mo. 661, 64 S.W. 119; Palmer et al. v. Marshall et al., Mo.App., 24 S.W.2d 229."

In Miller v. City of St. Joseph, 485 S.W.2d 688, 692[4] (Mo.App.1972) the following language appears: "Even assuming that there was a valid basis for holding that the City exceeded its charter powers in extending fire protection beyond its boundaries to the associations and persons immediately adjacent to it, yet plaintiff has not sustained his burden of proof so as to be entitled to injunctive relief. That burden encompasses a showing of substantial injury to himself and others similarly situated."

■ Since the petition fails to state *facts* showing that plaintiffs have a legal standing to sue, that plaintiffs have no adequate remedy at law, and that plaintiffs will be irreparably injured unless the injunction issues, and since such inadequacy and damage cannot be inferred from the facts which are pleaded, the trial court properly sustained the motion to dismiss.

The judgment is affirmed.

All of the judges concur, except STONE, J., not participating.