Marilyn **SCHAEFFER** et al., **Plaintiffs–Appellants,**

v.

Colonel Gilbert A. **KLEINKNECHT** et al., **Defendants–Respondents.**

No. 41614.

Missouri Court of Appeals, Eastern District, Division Four.

Aug. 12, 1980.

James R. Wyrsch, Kansas City, for plaintiffs–appellants.

George Lang, III, Associate County Counselor, Clayton, for defendants–respondents.

SMITH, Presiding Judge.

Plaintiffs appeal from the action of the trial court dismissing their petition for a declaratory judgment that certain ordinances of St. Louis County are null and void and for an injunction to prevent defendants from enforcing the ordinances.

Plaintiffs are the owners of massage parlors located in unincorporated portions of St. Louis County. Defendants are the County and county officials responsible for various duties including enforcement of the ordinances under dispute. Plaintiffs' petition attacks Chapter 626—Massage Establishment Code, and Chapter 713—Vice and Morality Code, on a number of grounds. On appeal they limit their contention of error to the position that Chapter 567, R.S.Mo. 1978, and specifically Sec. 567.090, preempts the area covered by the two ordinances, and for that reason the ordinances are null and void. Plaintiffs have failed to brief any other basis for holding the ordinances invalid and have therefore abandoned such claims. *Jacobs v. Leggett*, 295 S.W.2d 825 (Mo.banc 1956) [18].

Plaintiffs have treated the two ordinances together. Because we find each Chapter presents different legal problems we will treat them independently. We start with Chapter 713. That Chapter deals with prostitution. It prohibits prostitution, promoting prostitution, profiting from prostitution, soliciting in public by prostitutes, procuring, indecent and lewd conduct and loitering. It makes no reference to massage parlors.

Our first question is whether plaintiffs have standing to challenge this ordinance. In *Singleton v. Wulff*, 428 U.S. 106, 96 S.Ct. 2868, 2873, 49 L.Ed.2d 826 (1976) it was held that standing involves two distinct questions: "First whether the plaintiff[s] . .

allege 'injury in fact,' that is, a sufficiently concrete interest in the outcome of their suit to make it a case or controversy . . and, second, whether, as a prudential matter, the plaintiff[s] . . . are proper proponents of the particular legal rights on which they base their suit." In *Spencer v. Village of DeKalb*, 408 S.W.2d 78, 80 (Mo. 1966) the test was stated:

"Plaintiff must have a *legally protectible interest* at stake and the question presented must be appropriate and ready for judicial decision." (Emphasis in original) [1].

In *Moseley v. City of Mountain Grove*, 524 S.W.2d 444, 448 (Mo.App.1975) [7] it was recognized that private citizens must possess something more than a "common concern for obedience to law" before they are permitted to maintain injunction suits against public officers.

Here the record fails to demonstrate that plaintiffs have the requisite interest necessary to challenge Chapter 713. Nothing in the ordinance proscribes the operation of a massage parlor. Plaintiffs have not alleged that in the operation of their parlors activities contrary to the proscriptions of the ordinance occur. By affidavit, one of the plaintiffs stated that the Superintendent of Police of St. Louis County had handed her a copy of the ordinances (both Chapters 626 and 713) and advised her that they would be rigidly enforced and that she would be prosecuted and put out of business if she failed to comply.[1] No arrests for violation of this county ordinance are alleged.

Plaintiffs have failed to allege any facts which establish that they have any special interest in this ordinance, other than the interest of the public generally. The threat of wrongful and injurious invasion of a legal right of plaintiff by one having the power to do the wrong can furnish the basis for injunctive relief. *Moseley v. City of*

1. As will be discussed *infra*. Chapter 626 is a licensing ordinance and we must presume that the Superintendent's statement concerning being put out of business relates to that ordinance, as Chapter 713 contains no provisions for such action, and 626 does.

*Mountain Grove, supra* [3–5]. But no such threat here exists for plaintiffs have alleged no conduct in which they are engaged or in which they intend to engage which would constitute a violation of the ordinance. The Superintendent's "threat" related only to such conduct. It was no more than an advice or warning that the ordinance had been enacted and violators would be prosecuted. In the absence of allegations that they are engaged in proscribed conduct or have been arrested for proscribed conduct the plaintiffs have not alleged any basis upon which they have standing to challenge Chapter 713 and the Court did not err in dismissing the petition as it pertains to that ordinance.

We turn to Chapter 626. That ordinance is specifically directed at massage parlors. Plaintiffs do have standing to challenge it for they are the owners of establishments subject to its provisions. Chapter 626 is a regulatory ordinance. *Nickols v. North Kansas City*, 358 Mo. 402, 214 S.W.2d 710 (1948). The regulation of massage parlors is a legitimate governmental activity for the protection of the public health and welfare. *Dae v. City of St. Louis*, 596 S.W.2d 454 (Mo.App.1980) [6]. Plaintiffs do not contend otherwise nor do they here challenge the reasonableness of the provisions of Chapter 626. Those provisions require permits for massage parlors and provide for applications for permits to include certain information concerning the background of the applicant and employees. The ordinance sets forth the conditions for issuance of a permit and provides for judicial review of the denial of a permit. It provides for suspension or revocation of the permit for violation of the ordinance and again provides for judicial review of such suspension or revocation. It includes provisions authorizing the promulgation of reasonable rules and regulations concerning sanitation and health. It provides for inspection of the premises to enforce compliance with building, fire, electrical, plumbing, or health regulations and to determine that the law is being complied with. There are other provisions such as transfer of permits, hours of operation, restrictions on locations, and display of permits which it is unnecessary to set forth. As originally enacted the Chapter contained a prohibition against "sexual conduct." That provision was repealed prior to suit. There is nothing in the present ordinance which directly, indirectly, inferentially or obliquely refers to or deals with prostitution.

Chapter 567 R.S.Mo. 1978, deals with prostitution. Sec. 567.090 provides that it is intended that this chapter preempt the area covered by it to the exclusion of other laws enacted by governmental subdivisions. We find it unnecessary to reach the question, briefed by the parties, of the applicability of this statute to St. Louis County.

Sec. 567.010 provides that prostitution is committed if a person engages in or offers or agrees to engage in "sexual conduct." Sexual conduct in turn is defined as including "sexual contact" which in turn is defined as "any touching, manual or otherwise, of the anus or genitals of one person by another, done for the purpose of arousing or gratifying sexual desire of either party." Sec. 626.020 of the ordinance describes "Massage" (the regulated business) as "Any method of pressure on or friction against or stroking, kneading, rubbing, tapping, pounding, vibrating, or stimulating of the external parts of the body for medical or hygenic purposes . . . ." Plaintiffs reason that because touching of the anus and genitals is sexual contact under the state statute and inasmuch as such touching is included in the broad description of massage under the ordinance, the latter is preempted by the former. The argument is novel, but specious. The ordinance in no way prohibits the activity which it describes, nor imposes a sanction for engaging in such conduct. The ordinance prohibits conducting massages without a permit, whether the massage includes sexual contact or not. It regulates the business of massages, not the nature of them. The statute, on the other hand, does not deal with the business of massages but only with particular acts which may or may not occur in a massage parlor and may or may not be part of a massage. Furthermore, the ordi-

nance refers to body contact for "medical or hygenic purposes . . . ," whereas the statute prohibits such body contact "done for the purpose of arousing or gratifying sexual desire of either party." The nature, therefore, of the touching is not the same whether or not the area involved is. We are unable to conclude that the statute and the ordinance deal with the same subject matter.

Plaintiffs' reliance upon *Lancaster v. Municipal Court for Beverly Hills*, 6 Cal.3d 805, 100 Cal.Rptr. 609, 494 P.2d 681 (Banc 1972) is misplaced. There the court held that the purpose of an ordinance prohibiting transsexual massage was not to regulate the operation of massage parlors but was solely to regulate sexual activity. As such it was an attempt to regulate activity the regulation of which had been preempted by the state legislature. The ordinance before us does not purport to regulate sexual activity, but is solely directed at regulation of the business of giving massages, sexual or otherwise.

Plaintiffs have directed us to no other basis upon which it is contended that the ordinance covers a subject matter preempted by the statute and we find none. It is within the power of the County to regulate this business. *Dae v. City of St. Louis, supra*; *Nickols v. North Kansas City, supra*. The Court did not commit error in dismissing plaintiffs' petition as to Chapter 626 for its failure to state a claim upon which relief could be granted.

Judgment affirmed.

SATZ and SIMON, JJ., concur.

