Robert L. NEAF, Respondent,

v.

Arthur L. MALLORY, et al., Commissioners State Department of Education, Appellants.

No. 43763.

Missouri Court of Appeals, Eastern District, Division Three.

Aug. 11, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 21, 1981.

Application to Transfer Denied Nov. 10, 1981.

Leslie Ann Schneider, Asst. Atty. Gen., Jefferson City, for appellants.

G. Joseph Neaf, Owensville, for respondent.

CLEMENS, Senior Judge.

Mandamus against the state's department of education. It had refused sixteen-year-old plaintiff Robert L. Neaf's request to take a high-school equivalency test. Taking and passing that test would allow Robert to enter college without having graduated from high-school. The department based the refusal on its rule 5 CRS 60–100.020 requiring applicants to have become 18 years old.

By this action Robert sought and got a mandatory injunction compelling defendants to give him the equivalency test. The department has appealed. Respondent has not filed a brief.

Two statutes control this case. Section 161.092(1) RSMo 1978, authorizes the department to: "Adopt rules . . . and formulate policies for . . . the department . . ." And, Section 161.093 provides: "Any person who has not obtained a high-school diploma . . . may become an applicant for a high-school equivalency certificate to be issued . . . as provided under rules and regulations adopted by the state board of education." The challenged rule was such a regulation.

The trial court granted plaintiff's petition to compel the department to give him an equivalency test. The court based this on the asserted fact that Section 161.093 "does not provide at all for the expansion of the qualifications to take the G. E. D. test and an itemization of who is eligible." The court concluded: "The statute provides that any person may take this test, that the regulation is beyond the scope of the statutory authority of the Department of Education, and that the regulation is also too vague to be comprehended."

We reject this reasoning.

■ We review this case under the long held principle that injunction is a harsh remedy, to be used sparingly and only in clear cases. *Moseley v. City of Mountain Grove*, 524 S.W.2d 444 (Mo.App.1975) and *American Pamcor Inc. v. Klote*, 438 S.W.2d 287 (Mo.App.1969).

■ By constitutional Article IX, Section 1(a) the legislature is directed to establish and maintain free public schools. By the quoted statutes the legislature has done just that. By Section 161.092(1) it empowered the department to adopt rules and formulate policies. By Section 161.093 the legislature empowered the department to grant equivalency diplomas "as provided under rules and regulations adopted" by the department. Pursuant to that statutory power the department formulated the rule, now challenged, that an applicant for a high-school equivalency test must be at least 18 years old.

We hold the challenged department rule was enacted pursuant to its statutory au-

thority. Accordingly, the trial court erred in enjoining the department from obeying that rule.

Reversed.

CRIST, P. J., and REINHARD, J., concur.