**William Lewis HERRON, Appellant,**

v.

**James SISK, Respondent.**

**No. WD 32820.**

Missouri Court of Appeals,
Western District.

Dec. 1, 1981.

William Lewis Herron, pro se.

John D. Ashcroft, Atty. Gen., Lew A. Kollias, Asst. Atty. Gen., Jefferson City, for respondent.

Before KENNEDY, P. J., and SHANGLER and WASSERSTROM, JJ.

SHANGLER, Judge.

The petitioner, a prison inmate, brought an action *pro se* for Injunction and Mandamus against one Sisk, a penitentiary official. The office of the attorney general moved dismissal of the petition for failure to state a claim for relief. The petitioner, in turn, moved the quashal of that motion on the ground that the attorney general was without authority to plead. The court,

without other order, sustained the motion of the attorney general and dismissed the petition.

On appeal, the petitioner contends that the judgment of dismissal was error because State of Missouri was not a party, therefore, the attorney general was without authority to litigate, and the adjudication of the pleading tendered by such counsel was not authorized. The petitioner contends that the dismissal was erroneous also because the allegations [assumed as true] proved the right to injunction and mandamus or, in any event, the petition pleads a wrong *of some kind* and so, by constitutional corollary, a remedy.[1]

The petition alleges that the defendant Sisk is an Inmate Activities Coordinator at the Missouri State Penitentiary; that a party was given for some of the inmates which Sisk attended in the company of a female companion; that at that function, the plaintiff inmate took photographs—not only of the inmates and their guests—but also of the defendant and his guest; that Sisk told the petitioner he wanted all of the photographs taken of the defendant and his companion, but made no offer to pay for them; that the petitioner gave some of the photographs to Sisk, but that Sisk wanted them all and threatened "he could make life really hard on an inmate in the penitentiary"; that since, the petitioner has been harassed and otherwise disadvantaged [without explanation]; that one photograph and one negative of Sisk and his companion remains undelivered, but that they are withheld legitimately as part of the Inmate Organization's records; that the defendant Sisk has a reputation for retaliation, and so—the petition requests—that the court enjoin Sisk from the intimidations, order the photograph transferred and adjudge a proper payment.

■ To dispense with the first contention of error: the petitioner contends that the action was against Sisk personally, and not as a penitentiary official, therefore, the attorney general was without authority to plead for him. We doubt that the petition may be read to that effect, nevertheless, the attorney general owes a duty of defense to an employee of the division of corrections sued for damages for acts performed "in connection with the official duties" of that person. § 105.710, RSMo 1978, Tort Defense Fund. That determination of duty rests with the attorney general in the first instance. The allegations of the petition presumptively engage that duty. The contention is denied.

■ The petition failed to state a claim for injunction or mandamus and was properly dismissed. Injunction does not lie except to protect a substantial right. *Moseley v. City of Mountain Grove*, 524 S.W.2d 444, 446[3–5] (Mo.App.1975). The allegations of petition are that the inmate has been "harassed" by Sisk and those who act with him, describe no facts. The petition alleges only apprehension from some unarticulated fear, but injunction does not lie to allay threat unless the action is likely and irreparable injury will result absent the remedy. *May Department Stores Co. v. County of St. Louis*, 607 S.W.2d 857, 870[7] (Mo.App. 1980); *St. Louis 221 Club v. Melbourne Hotel Corp.*, 227 S.W.2d 764, 769[11–14] (Mo. App.1950). The petition does not define the words of threat, therefore the imminence, possibility or the nature of injury remains hypothetical. The sense of the petition otherwise, that Sisk pay in exchange for the photograph, is, if at all, a matter of small claims adjudication. It follows that a petition which fails to allege the existence of a substantial right protectible by injunction fails also to plead remedy in mandamus. *State ex rel. Sprague v. City of St. Joseph*, 549 S.W.2d 873, 879[6] (Mo.banc 1977).

■ The petitioner contends nevertheless that the allegations of the pleading, given the most favorable intendment, state a cause of action for the infringement of a

---

1. The petitioner argues to that effect, Mo. Const. Art. I, § 14 (1945):

   "That the courts of justice shall be open to every person, and certain remedy afforded for every injury to person, property or character ...."

**912**

civil right under 42 U.S.C.A. § 1983. To state a justiciable claim under that enactment, however, a petition must allege that the conduct subjected the petitioner to a deprivation of a right, privilege or immunity secured by the United States Constitution, by one who acts under color of state law. *Tyler v. Whitehead*, 583 S.W.2d 240, 242[4] (Mo.App.1979). We assume—contrary to the posture of the argument otherwise, that the defendant was sued for nonofficial conduct—that the acts alleged against Sisk were under color of official duty, and conclude, nevertheless, that the petition does not state a claim for relief under the federal statute.

That enactment does not protect against trivial invasions of personal right. The petition simply does not define the acts of the state official which could cause injury or that injury actually resulted. The "harassments" are not described, the only threat was that Sisk could "make life really hard" on the inmate, but no unusual or retributive action is alleged other than the petitioner was arbitrarily removed from "inmate out-counts." We assume the petitioner intends an argument of cruel and unusual punishment. However, a threat or other verbal abuse, without more, does not plead an invasion of any federal right and is not actionable under § 1983. *Ellingburg v. Lucas*, 518 F.2d 1196, 1197 (8th Cir. 1975); *Collins v. Cundy*, 603 F.2d 825, 827[2, 3] (10th Cir. 1979). The petition pleads, at best, only a trivial infringement of sensibility or other personal prerogative, not cognizable under § 1983. *Brown v. Bigger*, 622 F.2d 1025, 1027[3] (10th Cir. 1980).

The judgment of dismissal is affirmed.

All concur.