James EBERLE, Gary Blanks, George Adams and James Bohannan, Appellants,

v.

The STATE of Missouri, Missouri Department of Corrections and Human Resources, and Dick D. Moore, Ernest L. Cowles, George A. Lombardi, R. Dale Riley, Bill Armontrout and Larry F. Henson, Respondents.

No. WD 41596.

Missouri Court of Appeals, Western District.

Sept. 26, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 31, 1989.

Howard L. McFadden, Jefferson City, for appellants.

Michael H. Finkelstein, Gen. Counsel, Mo. Dept. of Corrections, Anthony M. Gawienowski, Deputy Gen. Counsel, Sp. Asst. Atty. Gen., Jefferson City, for respondents.

Before CLARK, P.J., and LOWENSTEIN and BERREY, JJ.

CLARK, Presiding Judge.

Appellants, employees of respondent Missouri Department of Corrections, sued for an injunction to restrain respondents from conducting tests of appellants' physical abilities and from assigning different work duties to appellants and pay reductions based on such tests. The trial court denied relief and this appeal followed.

According to appellants' allegations, they are employed as corrections officers at the Missouri State Penitentiary and they are also members of a group designated as the "E Squad." The function of the squad is to respond to emergencies at the penitentiary such as riots or escapes. E Squad members are volunteers and they are paid approximately $42.00 per month in bonus pay.

In January, 1987, respondent George A. Lombardi in his position as state director of adult institutions promulgated a policy for E squad membership which required of those presently serving as members of the squad, and corrections officers who desired to become members, that they pass certain physical endurance tests. The policy was distributed to department employees in February or March, 1987. Squad members were given until July 1, 1988 in which to prepare for and successfully pass the tests. Emphasis in the tests was on running and bench pressing weights. Those who failed to pass the tests by July 1, 1988 were to be removed from membership in the E squad.

Appellants brought suit for a permanent injunction to enjoin respondents from conducting the tests and from removing them from the squad either for refusal to take the tests or for failure to pass the tests. The suit for injunction was filed prior to July 1, 1988 and therefore none of the appellants had yet suffered loss of squad membership.

The trial court issued a temporary restraining order and conducted a hearing. The evidence generally revealed the facts described above. It also appeared from the testimony that one or more of the appellants would be unable to meet the physical qualifications under the testing schedule because of age and associated physical limitations. Failure to qualify for continued squad membership would not, however, affect continued employment by appellants in their regular job classifications. Moreover, the failure of any appellant to pass the tests did not preclude future attempts to do so and to thereby regain squad membership.

The trial court after the hearing dissolved the temporary restraining order and denied the injunction. No findings were made and the reasons for the judgment were not announced. It appears, however, from the course of the trial judge's comments during the hearing that he found appellants' proof deficient in that no showing of irreparable injury was made.

The appeal raises two points of error directed to the failure of the court to grant the injunction and a third point complaining that the court did not consider the possible enlargement of the case into a class action.

If, as we conclude, no case for injunction was made, the third point is moot.

In the first point appellants contend that as merit system employees, they may not be removed from the E squad without cause and that the contemplated implementation of the physical fitness requirement does not constitute cause. The second point argues that an injunction is the appropriate remedy to prevent demotion of a merit system employee.

Appellants' arguments are directed toward the merits of their claim for retention on the E squad and not to the question of whether the requisite showing was made to warrant issuance of the injunction. Contrary to appellants' assumption in their argument, the evidence did not necessarily compel the conclusion that physical prowess is unrelated to job performance of an E squad member and that inability to meet the minimum test standards did not amount to good cause for limiting squad membership to physically agile officers. Even were that to be so, however, it does not necessarily follow that proper demotion of a merit system employee creates a cause for resort to an injunction.

■ Injunctive relief does not issue as a matter of right but as an exercise of judicial discretion. *Hardesty v. Mr. Cribbin's Old House, Inc.*, 679 S.W.2d 343, 348 (Mo.App.1984). Injunction is a harsh remedy to be used sparingly and only in clear cases. *Neaf v. Mallory*, 622 S.W.2d 372, 373 (Mo.App.1981). Injunction does not lie unless the action threatened will result in irreparable injury absent the remedy. *Herron v. Sisk*, 625 S.W.2d 909, 911 (Mo.App. 1981). Injunctive relief does not properly issue where there is no showing that irreparable harm will result if it does not issue. *Vandever v. Junior College District of Kansas City*, 708 S.W.2d 711, 716 (Mo.App. 1986). An injunction will not be awarded where there is an adequate remedy at law. *Walker v. Norris*, 145 S.W.2d 972, 973 (Mo.App.1940).

■ The only prejudice alleged and proved by appellants resulting from implementation by respondents of the new policy affecting E squad members is a potential loss of $42.00 per month in pay if appellants do not pass the performance test. Their positions of employment and their salary and other benefits as state employees are not affected. This is not a showing of irreparable injury because appellants could adequately be compensated with an allowance of back pay should it be established that removal from the squad as contemplated was improper or unlawful. Absence of the prospect that respondents' proposed action will result in irreparable harm is a sufficient ground upon which the trial court was justified in refusing to grant the injunction.

It is, of course, necessary that appellants have an adequate remedy at law for their grievance, else a loss of position could arguably amount to irreparable injury. In this case, if it be assumed that the proposed action by respondents somehow violates appellants' rights as merit employees, a question we do not reach or decide, appellants have recourse by appeal to the personnel advisory board as provided in §§ 36.380 and 36.390, RSMo 1986. This vehicle of administrative review is an adequate remedy at law which necessarily precludes appellants from seeking relief by injunction. In short, appellants have shown no prospect for irreparable injury, they have an adequate remedy by appeal to the personnel advisory board and the court therefore did not err in its refusal to grant the injunction.

From the foregoing, it also follows that any attempt to convert the cause into a class action was doomed to fail. The court therefore committed no error when it failed to allow proceedings in the nature of a class action, it appearing that all proposed members of the class were similarly situated to appellants.

The judgment is affirmed.

All concur.