**In re J.H. FICHMAN COMPANY, INC.,
Jan H. Fichman and Philip
Bourne, Appellants,**

v.

**The CITY OF KANSAS CITY, Missouri
and Board of Police Commissioners of
Kansas City, Missouri, Respondents.**

**No. WD 42801.**

Missouri Court of Appeals,
Western District.

Oct. 16, 1990.

As Modified Nov. 29, 1990.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Dec. 4, 1990.

Application to Transfer
Denied Jan. 9, 1991.

Alan B. Gallas, Kansas City, for appellants.

Edward B. Rucker, Kansas City, for City of Kansas City.

E. David Swartzbaugh, Kansas City, for Board of Police Com'rs.

Before LOWENSTEIN, P.J., and FENNER and ULRICH, JJ.

FENNER, Judge.

Appellants, J.H. Fichman Company, Inc., (FichCo), Jan H. Fichman and Philip Bourne appeal from the trial court's dismissal of their petition seeking declaratory and injunctive relief.

FichCo is a Missouri Corporation which has maintained and operated a retail store in Kansas City known as "7th Heaven" for over ten years. Jan Fichman is the president of the corporation. Phillip Bourne is the general manager of the retail store located at 7621 Troost. FichCo is licensed to sell tobacco products and through its retail store offers for sale bulk tobacco, cigarettes, snuff, smoking herbs, cigars, pipes, papers and a variety of other tobacco related products. FichCo claims its gross sales on tobacco products averages between $25,000 to $35,000 per month.

On May 4, 1989, the City Council of Kansas City adopted Ordinance No. 63979 amending Chapter 26 of the Code of General Ordinances entitled "Offenses and Miscellaneous Provisions." The ordinance is patterned after Chapter 195, RSMo 1986, and makes it unlawful for any person "knowing the drug related nature of the object, to sell, lend, rent, lease, give, exchange or otherwise distribute to any person any drug paraphernalia." For violations, the Ordinance provides a range of punishment of a fine not less than $100.00 nor more than $500.00 or imprisonment of not less than fifteen days nor more than six months, or both a fine and imprisonment.

On June 27, 1989, drug enforcement officers from the Kansas City Police Department informed Phillip Bourne that he was selling drug paraphernalia in violation of the Ordinance. The officers advised Bourne that the store could continue to sell all "traditional appearing" wooden and meerschaum pipes regardless of bowl size or stem length, but all other pipes being offered for sale constituted drug paraphernalia. The officers also advised that bulk tobacco, cigarettes, cigars, snuff, herbs, cigarette rolling paper, traditional appearing cigarette holders and cigarette rolling machines could continue being sold. Bourne was told that the officers would return to the store in ten days and if the offending products claimed to be drug paraphernalia were still being offered for sale, warrants would be issued, that Bourne, Fichman and others would be arrested and the offending merchandise would be confiscated.

FichCo was advised on June 28, 1989, that it had until August 1, 1989, to remove the offending merchandise and again instructed that if said merchandise was not removed, persons on the premises selling the merchandise would be arrested and the merchandise would be confiscated in connection with the ordinance violation.

On July 31, 1989, FichCo filed its petition seeking declaratory and injunctive relief against the City and the Board. The petition requested a declaration that the actions of the City and the Police Department were unlawful and unconstitutional as applied against FichCo. Also requested was a declaration that the tobacco products being offered for sale were not in and of themselves unlawful and that the City and Police be enjoined from seizing the products and arresting the plaintiffs or otherwise illegally enforcing the Ordinance.

The City and the Board filed a motion to dismiss on August 18, 1989, on the grounds that the trial court lacked jurisdiction and that the petition failed to state a claim upon which relief could be granted. The trial court dismissed the petition after it allowed a First Amended Petition to be filed adding Jan H. Fichman and Philip Bourne as plaintiffs.

On appeal, FichCo, Fichman and Bourne present three points. In points one and three, appellants argue that the trial court erred in dismissing the petition for declaratory judgment because a sufficient basis existed for granting the relief requested.

■ Appellants seek to use the Declaratory Judgment Act, § 527.010, et seq. RSMo 1986, to obtain the relief requested, i.e., a declaration that the Ordinance in question is invalid as applied to them by the City and the Board. Appellants correctly state the standard for reviewing the sufficiency of their petition claiming declaratory relief as being that this court must construe the petition favorably to them, accepting as true all facts alleged therein, and according the petition the benefit of every reasonable and favorable inference the facts pleaded will permit. *Lalumondier v. County Court of St. Francois County*, 588 S.W.2d 197, 198 (Mo.App.1979).

■ A review of appellants' petition does not indicate that they are entitled to declaratory relief. The Declaratory Judgment Act, now Rule 87, is not to be used, except in " 'exceptional circumstances plainly appearing,' " when an adequate remedy already exists. *Polk County Bank v. Spitz*, 690 S.W.2d 192, 194 (Mo.App.1985); *Farm Bur. Town & Country Ins. Co. v. Crain*, 731 S.W.2d 866, 871–872 (Mo.App.1987).

■ An adequate remedy exists if a plaintiff could assert the issues sought to be declared in an action brought by defendant. *Polk County Bank*, 690 S.W.2d at 194. Nothing appears, by way of the record, to suggest that appellants do not have an adequate remedy, that being to assert their defenses in an underlying action for Municipal Ordinance violation, should such action be commenced. Additionally, § 527.060, RSMo 1986, which is reiterated in Rule 87.07 provides:

> The court may refuse to render or enter a declaratory judgment or decree where such judgment or decree, if rendered or entered, would not terminate the uncertainty or controversy giving rise to the proceeding.

Appellants, in their petition, requested a declaration that application of the Ordinance against them was unlawful and unconstitutional and that the items which are offered for sale do not constitute drug paraphernalia. For reasons set forth in point two, appellants have not presented evidence to indicate that application of the Ordinance is unlawful or unconstitutional, nor that the Ordinance is invalid.

As for the claim seeking a declaration that the items offered for sale do not constitute drug paraphernalia, as previously stated, that claim can be raised at such time, if any, that appellants or any one of them are charged with a violation. Furthermore, declaratory relief would not, as provided by § 527.060 and Rule 87.07, terminate the uncertainty or controversy giving rise to the present proceeding.

Appellants, in their petition, requested a declaration that the items offered for sale do not constitute drug paraphernalia, yet admit that a number of the items FichCo sells are generically described by the ordinance. A declaration by the trial court would clearly not end the controversy or uncertainty presented under the present factual setting and which is inherent in a business such as that operated by FichCo.

A declaration at this point, that the items sold by FichCo do not constitute drug paraphernalia, would appear to be in conflict with the provisions of the ordinance which prohibit such items, as appellants admit that a number of the items sold by FichCo are generically described by the ordinance. Furthermore, a declaration at this time would serve only as to those items which appellants sought to have addressed in the action, and not items that appellants declined to bring to the court's attention or subsequently obtained for resale to the public.

The dismissal of appellants' petition for declaratory judgment was providently granted. Point one is denied.

In point two, appellants argue that the trial court erred in dismissing their claim for injunctive relief because without injunctive relief "they would suffer arrest, a severe loss of business and possible bankruptcy."

■ It is a fundamental precept that the circumstances for enjoining enforcement of an ordinance are tightly circumscribed. *Dae v. City of St. Louis*, 596 S.W.2d 454 (Mo.App.1980). An injunction may lie to prohibit the enforcement of a

city ordinance where two conditions are met. First, the ordinance must be unconstitutional or invalid and second, enforcement of the ordinance must result in an irreparable injury to a property right. *Id.*

Injunctive relief does not issue as a matter of right, but as an exercise of judicial discretion. *Eberle v. State,* 779 S.W.2d 302, 304 (Mo.App.1989). An injunction is a harsh remedy to be used sparingly and only in clear cases. *Id.* Equity courts may go much farther to give and withhold relief in furtherance of public interests than when only private interests are involved. *Oberman & Co. v. United Garment Workers of America,* 21 F.Supp. 20, 27 (W.D.Mo.1937). An injunction should not issue against great public interest. *Community Title Co. v. Roosevelt Federal Savings and Loan Association,* 670 S.W.2d 895, 900 (Mo.App.1984).

The Ordinance in question here is substantially identical to § 195.010, RSMo 1986, which sets forth the definition of drug paraphernalia. As the statute evidences, the City has chosen the same language as the Missouri Legislature to define what constitutes drug paraphernalia. It is significant that in *State v. Munson,* 714 S.W.2d 515 (Mo. banc 1986) the Missouri Supreme Court held that § 195.010 was valid as against charges of unconstitutional vagueness.

In the present case, appellants do not proclaim the Ordinance itself to be unconstitutional. Rather, the claim is that the Ordinance is invalid as applied in this situation. Appellants argue that they have been repeatedly threatened with arrest, prosecution and the confiscation of merchandise and that FichCo would suffer severe financial hardship with a resulting loss of sales and profit that may cause bankruptcy. These allegations, even if true, do not establish that the ordinance is invalid. The ordinance is not invalid merely because it may result in the arrest of FichCo employees or because it prohibits FichCo from selling drug paraphernalia. The City of Kansas City has a valid and significant public interest in prohibiting the sale of drug paraphernalia.

Appellants further claim that FichCo will suffer irreparable harm if an injunction is not granted because it will suffer severe financial loss and possible bankruptcy. One seeking injunctive relief on grounds of irreparable damage and lack of adequate remedy at law must plead irreparable injury and inadequate legal remedy as traversable facts, not mere conclusions. *National Pigments and Chemical Co. v. Wright,* 118 S.W.2d 20, 22 (Mo.App. 1938); See also, *Moseley v. City of Mountain Grove,* 524 S.W.2d 444, 449 (Mo.App. 1975).

Appellants allege that FichCo's gross sales on tobacco related products average between $25,000 and $35,000 per month and that the City has advised them of specific tobacco related items that FichCo may continue to sell. Appellants do not specify the extent to which products prohibited from sale will affect FichCo's business. The allegations that FichCo will suffer severe financial loss and possibly bankruptcy, without facts in support, constitute nothing more than appellants' conclusions. Appellants are not entitled to injunctive relief.

The judgment of the trial court is affirmed.

All concur.