In re AMERICANA SERVICES, INC., Debtor.

Steven C. BLOCK, Trustee for Americana Services, Inc., Plaintiff,

v.

WAREHOUSE CONSULTANTS, INC., R.D.D. & Associates, Inc., f/k/a Robert D. Dick & Associates, Inc., Robert D. Dick and Dottie K. Dick, Defendants.

Bankruptcy No. 93–43569–7.
Adv. No. 94–4054–2.

United States Bankruptcy Court,
W.D. Missouri,
Western Division.

July 15, 1994.

Steven C. Block, Trustee, Kansas City, MO.

James C. Mordy, Morrison & Hecker, Kansas City, MO, for trustee.

Frank Wendt, Slagle, Bernard & Gorman, Kansas City, MO, for debtor.

Paul H. Niewald, Kansas City, MO, for defendants.

*ORDER DENYING TRUSTEE'S MOTION FOR PRELIMINARY INJUNCTION AND DENYING DEFENDANT'S MOTION TO DISMISS COUNT II*

FRANK W. KOGER, Chief Judge.

This is an adversary proceeding in which the Trustee seeks to avoid a series of transfers between the Debtor, Americana Services, Inc. and the Debtor's principals, Robert and Dottie Dick, and their wholly owned companies, Warehouse Consultants, Inc. and R.D.D. Associates, Inc. These transfers included:

1. Bonuses paid to Robert and Dottie Dick.

2. Appraisal and sale of all the Debtor's office equipment to Warehouse Consultants, Inc.

3. Trade-in of a company vehicle on a new vehicle titled to R.D.D. Associates, Inc. where the dollar value assigned to trade-in was remitted to the Debtor.

4. Cancellation of a contract between the Debtor and an offshore insurance agency, and a corresponding new contract entered into by that offshore agency with Warehouse Consultants, Inc.

5. Assumption of the Debtor's lease by Warehouse Consultants, Inc.

6. Transfer of an insurance policy from Debtor to Dottie Dick where Dottie Dick paid the Debtor the cash surrender value of said policy.

The Trustee filed a three count adversary complaint. Count I asserts fraudulent conveyance claims against the defendants under 11 U.S.C. § 544 and Missouri's fraudulent conveyance statute, V.A.M.S. § 428.020 (repealed 1992, made applicable to this case by V.A.M.S. § 1.170). Count II is a turnover action under 11 U.S.C. § 542. Count II also includes allegations that the Debtor and the defendant corporations are alter egos of Robert and Dottie Dick. Count III asserts a breach of fiduciary duty claim against Robert and Dottie Dick. Together with the complaint, the Trustee filed a Motion for Preliminary Injunction based on Count II of his complaint.

The defendants filed a response to the Motion for Preliminary Injunction arguing that the injunction should not issue because the Trustee does not have a substantial likelihood of success on the merits. The defendants claimed that the Trustee had no standing to assert an alter ego action under Count II; therefore the injunction action should fail. The defendants filed a separate Motion to Dismiss Count II of Trustee's Complaint asserting an identical argument.

The Court scheduled and held a hearing on the preliminary injunction on May 11, 1994. The Court heard statements of counsel and legal arguments on the propriety of the pre-

liminary injunction. The defendant argued the substance of its motion to dismiss as a defense to the injunction. The Court gave the Trustee 10 days to file a response brief to the Motion to Dismiss. The Court will rule both issues together.

## Discussion

### A. Preliminary Injunction

 The Court has the authority to issue a preliminary injunction pursuant to Fed. R.Bankr.P. 7065 which makes Fed.R.Civ.P. 65 applicable to adversary proceedings. In order to justify the grant of a temporary injunction, a party must demonstrate an inadequate remedy at law, i.e., that irreparable damage will follow without the grant of equitable relief, and a reasonable probability of success on the merits. *Wooten v. First Nat'l Bank,* 490 F.2d 1275, 1276 (8th Cir.1974); *see also Brown v. Chote,* 411 U.S. 452, 93 S.Ct. 1732, 36 L.Ed.2d 420 (1973); *Telex Corp. v. I.B.M. Corp.,* 464 F.2d 1025 (8th Cir.1972). A similar rule applies under Missouri law. *Boyle v. City of Liberty,* 833 F.Supp. 1436, 1441 (W.D.Mo.1993); *see Eberle v. State,* 779 S.W.2d 302 (Mo.App.1989). These requirements are conjunctive; both must be satisfied for an injunction to be ordered.

 Here, the parties focused their attention on the second prong of the test—substantial likelihood of success on the merits. However, the Trustee must demonstrate that a remedy at law is inadequate. "[I]n order to prove a legal remedy is inadequate the trustee must demonstrate that an award of damages would be speculative and difficult to measure." *In re Broadview Lumber Co.,* 168 B.R. 941, 964 (Bankr.W.D.Mo.1994) citing *In re Prudential Lines, Inc.,* 114 B.R. 27, 31 n. 3 (Bankr.S.D.N.Y.1989) *aff'd* 928 F.2d 565 (2d Cir.1991). The Trustee failed to demonstrate an inadequate remedy at law.

The allegedly fraudulent conveyances can be grouped into three categories: 1) tangible assets; 2) contract rights; and 3) cash bonuses. With regard to category # 1 an award of damages representing the difference between the price paid by the defendants and the fair market value of the property would be an adequate remedy at law.

With regard to category # 2, the evidence at the May 11, 1994 hearing demonstrated that the contract rights were transferred to a non-defendant third party. As such, the Trustee conceded that the Court lacks jurisdiction to enjoin said party. The Trustee's fall back position on the contract rights issue is an action for the monetary proceeds of that transfer, in other words, a damages action. With regard to category # 3, the cash bonuses, the Court is convinced that, as fungible as money is, an award of monetary damages would adequately remedy the alleged wrong. Thus, for each category of transfer, an adequate remedy at law exists. Moreover, at the May 11, 1994 hearing, the Trustee admitted the injunction is intended primarily to prohibit the transfer of money or its conversion into other assets.

An adequate remedy at law exists. The Trustee has failed the first prong of the test for a preliminary injunction. As such the Trustee's Motion for Preliminary Injunction is DENIED.

### B. Motion to Dismiss

Part and parcel of the defendants' argument against the preliminary injunction was the argument that the Trustee lacked standing to assert Count II of the complaint. The Court denied the Trustee's injunction request on other grounds. However, the defendants filed a separate Motion to Dismiss Count II arguing the same lack of standing. In the interest of judicial economy, the Court will rule that motion as well.

 The defendants filed a Fed.R.Civ.P. 12(b)(6) motion to dismiss Count II of the Trustee's complaint for failure to state a claim for which relief can be granted. *See* Fed.R.Bankr.P. 7012 (making Fed.R.Civ.P. applicable to adversary proceedings). A court must review a complaint most favorably to the non-moving party and may dismiss the complaint only "if it is clear that no relief can be granted under any set of facts that could be proved consistent with the allegations." *Alexander v. Peffer,* 993 F.2d 1348, 1349 (8th Cir.1993) quoting *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984).

■ The defendants argued that the Eighth Circuit's decision in *In re Ozark Restaurant Equip. Co.*, 816 F.2d 1222 (8th Cir. 1987), cert. denied, *Jacoway v. Anderson*, 484 U.S. 848, 108 S.Ct. 147, 98 L.Ed.2d 102 (1987), precludes a bankruptcy trustee from pursuing an alter ego theory of liability. In *In re Ozark Restaurant*, the Eighth Circuit considered whether a trustee could use an alter ego theory of liability to pierce the debtor's corporate veil and hold the debtor corporation's principals personally liable for all corporate debts. 816 F.2d at 1223. The court concluded that the trustee could not bring a general cause of action on behalf of creditors, commenting that the Code is "flavored with the notion of the trustee having the power to avoid 'transfers' of the debtor". *Id.* at 1229. The court further stated that under Arkansas law:

> An alter ego action does not entail invalidating of a transfer of interest, but instead imputes the obligations of one party to another regardless of any 'transfers.'

*Id.*

In apparent contradiction to this ruling, the Eighth Circuit in *Evans v. Robbins*, 897 F.2d 966 (8th Cir.1990), held that a trustee presented a prima facie case for the turnover of assets where:

> the debtors fraudulently attempted to hide or dispose of assets through creation of fourteen corporate alter ego business entities, and ordered all assets turned over with title to vest in the trustee.

*Id.* at 968. The theory affirmed in *Evans v. Robbins* was that assets of a debtor passed through alter ego companies did not truly leave the control of the debtor and are property of the estate subject to turnover. *See In re Robbins*, 83 B.R. 688, 689 (Bankr. W.D.Mo.1988), aff'd *Evans v. Robbins, supra.* However, the trustee in *Evans v. Robbins* did not pursue an alter ego claim to assert general liability; rather, the alter ego theory assisted the trustee in his pursuit of specific assets and were tied to certain transfers.

The Trustee in this case also points to a number of Missouri cases which suggest that *transfers* between alter ego companies are void. *See South Side Nat'l Bank v. Winfield Fin. Serv.*, 783 S.W.2d 140, 143 (Mo.App.

1989); *Swallows v. Holden*, 812 S.W.2d 552, 555 (Mo.App.1991). These cases rely on the principle that property fraudulently transferred to a party with knowledge of the irregularity of the transfer remains liable to the extent of the value of the assets transferred. *See* 19 C.J.S. Corporations § 749.

*Evans v. Robbins* and the Missouri cases suggest that *Ozark Restaurant* is limited to alter ego actions intended to assign *general* liability for corporate debts to a third party. A trustee may maintain an alter ego action when that action is tied to *specific* assets or transactions. *See In re Kroh Bros. Dev. Co.*, 117 B.R. 499, 501 (W.D.Mo.1989) ("This Court believes that there is not merely a distinction, but a real difference between the determination made here as to the ownership of property from a[n] *alter ego* action claim suggesting that another entity has acted in a manner to render itself liable for another's debts.") The action may demonstrate unity of ownership with the estate or demonstrate the fraudulent nature of a conveyance due to the knowledge and intent of the parties. Therefore, the defendants' Motion to Dismiss is DENIED.

### Conclusion

Based on the above discussion, the Trustee's Motion for Preliminary Injunction is hereby DENIED. Further, the defendants' Motion to Dismiss is also DENIED.

This Order constitutes Findings of Fact and Conclusions of Law pursuant to Fed. R.Bankr.P. 7052.

So ORDERED.