**Mary Elizabeth FORD, Appellant,**

v.

**ALDI, INCORPORATED,**
1992, Respondent.

No. WD45308.

Missouri Court of Appeals,
Western District.

April 21, 1992.

Lester E. Adams, Jr., Browing, for appellant.

Nicholas J. Lamb, Gerald P. Konohia, Thompson & Mitchell, St. Louis, for respondent.

Before LOWENSTEIN, C.J., and HANNA and SMART, JJ.

SMART, Judge.

Appellant, Mary Ford, appeals from an Order of the Circuit Court of Linn County granting summary judgment in favor of Aldi, Inc., respondent, on appellant's claim for emotional distress resulting from the packaging of a dead insect in spinach purchased from respondent's store.

Judgment affirmed.

Ms. Ford purchased two cans of spinach from Aldi, Inc. On December 2, 1990, Ms. Ford prepared a recipe which contained the two cans of spinach. While Ms. Ford was eating the spinach, she noticed a dead insect approximately three-fourths of an inch long on her fork. She stopped eating immediately and retched several times. She experienced difficulty sleeping that night and vomited occasionally during the next thirty-six hours. Ms. Ford chose not to see a doctor for her alleged injury because, according to her interrogatory answers, she experienced no symptoms "that would justify going to the doctor and running up a bill." She also stated that she sustained "no physical injuries" whatsoever, but she was "merely seeking compensation for having eaten a great part of the spinach before

discovering a bug or grasshopper in [her] food."

Ms. Ford brought an action against Aldi for negligent infliction of emotional distress and breach of implied warranty. The trial court granted summary judgment for Aldi, Inc. on the basis that plaintiff had no evidence of any physical injury or medically diagnosable emotional distress.

Appellant's sole point on appeal is that the trial court erred in granting respondent summary judgment because a compensable cause of action was stated. A trial court has the power to grant summary judgment only when (1) there is no genuine issue of material fact, and (2) as a matter of law, the nonmoving party is entitled to judgment in his behalf. *Greco v. Robinson*, 747 S.W.2d 730 (Mo.App.1988). Upon appellate review of a motion for summary judgment, this court should examine the record in the light most favorable to the nonmoving party. *Id.*

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

It is no longer necessary in Missouri that a plaintiff claiming negligent infliction of emotional distress prove a contemporaneous traumatic physical injury. *Bass v. Nooney Co.*, 646 S.W.2d 765 (Mo. banc 1983). A plaintiff will be awarded damages for emotional distress if he or she can show: (1) that the defendant should have known that his conduct involved an unreasonable risk of causing emotional distress, and (2) that the emotional distress is "medically diagnosable" and is severe enough to be "medically significant." *Id.* at 772–73.

In the case at bar, the trial court sustained Aldi's motion for summary judgment because, based on the facts of this case, Ms. Ford suffered "no medically significant or diagnosable injuries" to justify recovery. Ms. Ford stated in her answers to interrogatories that she suffered no injury from seeing the insect on her fork with the spinach. Ms. Ford also stated that she experienced nothing that would justify her consulting a physician and "running up a bill." Reviewing the facts of this case in the light most favorable to appellant, it is clear that the emotional distress appellant experienced was not severe enough to be "medically significant" or "medically diagnosable" as required under the *Bass* standard to state a cause of action for emotional distress. Moreover, it should also be noted that Ms. Ford has not pleaded that Aldi should have known its conduct would create an unreasonable risk of causing emotional distress. The plaintiff must plead and prove this element as well. *Bennett v. Mallinckrodt*, 698 S.W.2d 854 (Mo. App.1985). Ms. Ford has failed to state a claim for negligent infliction of emotional distress.

## BREACH OF IMPLIED WARRANTY OF FITNESS

Plaintiff's alternative theory is breach of implied warranty of fitness. There was no allegation or evidence that the spinach was poisonous or otherwise deleterious. Ms. Ford contends that the presence of the insect (apparently a grasshopper) was *per se* a breach of the implied warranty of fitness. Assuming *arguendo* that the warranty of fitness was in fact breached, the question is whether an emotional reaction to the sight of the insect, absent any physical injury, constitutes legally cognizable damages. § 400.2–715, RSMo.1986 requires "injury to person or property" as a prerequisite to the recovery of consequential damages for breach of implied warranty of fitness. Plaintiff has failed to call to the court's attention any case in this jurisdiction allowing recovery for emotional upset absent physical injury under a theory of breach of implied warranty of fitness. In the absence of such authority, this court concludes that plaintiff's breach of warranty theory is also deficient.

Plaintiff's claim lacks any medical substantiation. Plaintiff herself considered the matter not sufficiently serious to warrant medical attention. Without medical substantiation, neither court nor jury could find the emotional distress to be medically significant and medically diagnosable. The trial court correctly ruled that there was no

issue of material fact and that defendant was entitled to judgment as a matter of law.

All concur.