Carol **JOHNSTON**, Plaintiff–Appellant,

v.

**NORRELL HEALTH CARE, INC. and Comprehealth, Inc., Defendants–Respondents.**

**No. 61219.**

Missouri Court of Appeals,
Eastern District,
Division One.

Aug. 18, 1992.

Platke & Berkowitz, Stuart Berkowitz, Kurt C. Hoener, St. Louis, for plaintiff-appellant.

Glenn E. Davis, Karen A. Menghini, Armstrong, Teasdale, Schlafly & Davis, St. Louis, for defendants-respondents, Norrell Health Care, Inc.

Mark S. Deiermann, Bryan Cave, St. Louis, for defendants-respondents, Comprehealth, Inc.

AHRENS, Judge.

Plaintiff, Carol Johnston, appeals from the dismissal with prejudice of her action for civil conspiracy and restraint of trade against defendants, Norrell Health Care, Inc. and Comprehealth, Inc. We affirm.

On October 2, 1990, plaintiff filed a petition alleging that certain "wrongful" agreements between defendants and between defendants and local hospitals constitute a civil conspiracy and restraint of trade in violation of § 416.031 RSMo 1986. Defendants filed motions to dismiss or in the alternative for a more definite statement, contending plaintiff had failed to allege the elements of a civil conspiracy or an action for restraint of trade. On January 11, 1991, the trial court denied the motions to dismiss but granted the motions for a more definite statement. The court ordered plaintiff to file an amended petition within thirty days.

Plaintiff failed to heed the trial court's order, and on March 5, 1991, defendant Norrell filed another motion to dismiss pursuant to Rules 55.27(a) and 67.06. Defendant Comprehealth filed a similar motion shortly thereafter. The court heard argument on defendants' motions on April 15, 1991; plaintiff's counsel stated he intended to file the amended petition that day. The court did not rule on the motions, and plaintiff never filed the amended petition.

Roughly three months later, defendants filed renewed motions to dismiss, again requesting the trial court to dismiss plaintiff's petition pursuant to Rules 55.27(a) and 67.06. On October 21, 1991, the court granted defendants' motions after argument and dismissed plaintiff's action with prejudice. This appeal followed.[1]

Because the trial court did not specify its reasons for dismissing plaintiff's petition, we assume the court acted for one of the reasons stated in defendants' motions to dismiss. *Austin v. Trotter's Corp.*, 815 S.W.2d 951, 957 (Mo.App.1991). The motions sought dismissal pursuant to Rules 55.27(a)(6) and 67.06 for failure to state a claim and failure to amend. Plaintiff contends the court erred in dismissing the petition pursuant to either rule.

Rule 67.06 requires a court to dismiss an action with prejudice if a party fails to file an amended pleading within the time allowed by the court upon sustention of a motion to dismiss. Here, however, the court granted plaintiff leave to amend after sustaining defendants' motions for a more definite statement; no motion to dismiss was sustained in this case until the trial court's order on October 21, 1991, dismissing the case with prejudice.[2] Nevertheless, we will sustain the judgment of dismissal if any of the grounds offered in the motion is proper, *Austin*, 815 S.W.2d at 957, and we find the court's dismissal proper on the ground that the petition failed to state a claim upon which relief could be granted.

In determining the sufficiency of a petition to which a motion to dismiss is directed, we give the petition its broadest intendment, treating all facts alleged as true. *Defino v. Civic Center Corp.*, 718 S.W.2d 505, 509 (Mo.App.1986). Further, we construe the allegations favorably to plaintiff to determine whether they invoke principles of substantive law and inform defendant of what plaintiff will attempt to establish at trial. *Id.* at 509–510. Although the petition need only allege ultimate facts, *id.* at 510, "[m]ere conclusions of the pleader that are not supported by factual allegations are disregarded in determining whether a petition states a cause of action on which relief can be granted." *Lick Creek Sewer Sys. v. Bank of Bourbon*, 747 S.W.2d 317, 322 (Mo.App.1988).

In her petition, plaintiff alleged that (1) she had been previously employed by both defendants; (2) defendants "wrongfully" agreed to refrain from hiring any person whom either defendant had previously employed; (3) defendants entered into contracts with hospitals in St. Louis County and the City of St. Louis whereby defendants would be the exclusive supplier of nurses to hospitals in the area; and (4) as a result of defendants' "wrongful" agreements, plaintiff was unable to obtain employment at any hospital with which defendants had entered such agreements. Plaintiff contended defendants' actions constitute a civil conspiracy and a restraint of trade in violation of § 416.031 RSMo 1986.[3]

1. The appeal was placed on the dismissal docket after plaintiff failed to file the record on appeal within thirty days after filing the notice of appeal, as required by Special Rule C.01. Plaintiff was notified that pursuant to Rule 84.08, the appeal would be dismissed unless the record was filed by March 16, 1992. Plaintiff filed the record on that date, although the filing was not accompanied by a motion to file out of time. The parties subsequently submitted their briefs and therein referenced the legal file plaintiff submitted. Because plaintiff after notice remedied the default within the time granted her by this court, we will not dismiss the appeal, as defendants urge, for plaintiff's failure to comply with Special Rule C.01.

2. As a sanction for a party's failure to obey an order granting a motion for a more definite statement, Rule 55.27(d) permits a court to strike the pleading to which the motion was directed or enter such other order as it deems just. Defendants did not pursue this remedy and instead proceeded pursuant to Rule 67.06.

3. In her brief on appeal, plaintiff also argues that defendants' actions violate Article I, § 2 of the Missouri Constitution and a common law rule against all contracts made in restraint of trade, as recognized in *Cheek v. Prudential Ins. Co.*, 192 S.W. 387 (Mo.1916). However, plaintiff failed to plead these contentions or present them to the trial court for judgment. Plaintiff raises the arguments for the first time in her brief on appeal, and they are not properly preserved for our review. *Murphy v. Timber Trace Ass'n*, 779 S.W.2d 603, 608 (Mo.App.1989).

To state a cause of action for civil conspiracy, a petition must allege that defendants conspired and agreed to commit an unlawful act and did in fact commit an unlawful act, in pursuit of the conspiracy, which resulted in damages to plaintiff. *McMullin v. Community Sav. Serv. Corp.*, 762 S.W.2d 462, 465 (Mo.App.1988). Plaintiff's mere allegation that defendants "wrongfully" agreed to enter into certain "wrongful" agreements fails to state a cause of action. Plaintiff has failed to allege defendants conspired to commit or in fact committed an unlawful act; her allegation that the agreements were "wrongful" is conclusory and does not state sufficient facts to inform defendants of how and why the agreements were allegedly improper.

Similarly, plaintiff's petition is insufficient to state a cause of action for conspiracy in restraint of trade in violation of § 416.031.1 RSMo 1986. That section provides: "Every contract, combination or conspiracy in restraint of trade or commerce in this state is unlawful." Pursuant to § 416.141 RSMo 1986, we construe the section in harmony with ruling judicial interpretations of comparable federal antitrust statutes.

Section 416.031.1 closely parallels 15 U.S.C. § 1 of the Sherman Act. A party alleging a violation of 15 U.S.C. § 1 must allege that (1) defendants contracted, combined or conspired among each other; (2) the combination or conspiracy produced adverse, anticompetitive effects within relevant product and geographic markets; (3) the objects of and the conduct pursuant to the contract or conspiracy were illegal; and (4) plaintiff was injured as a proximate result of the conspiracy. *Defino*, 718 S.W.2d at 510 (*citing Martin B. Glauser Dodge Co. v. Chrysler Corp.*, 570 F.2d 72, 81 (3rd Cir.1977), *cert. denied*, 436 U.S. 913, 98 S.Ct. 2253, 56 L.Ed.2d 413 (1978)).

As detailed earlier, plaintiff in support of her restraint of trade claim alleges only that defendants agreed not to employ any person whom either defendant had previously employed; that defendants entered into "exclusive supply" contracts with certain, unnamed hospitals in the St. Louis area; and that as a result of the agreements, plaintiff was unable to locate employment with any of the hospitals with which defendants had contracted. Plaintiff failed to allege that any of the alleged agreements produced adverse, anticompetitive effects within relevant product or geographic markets. Further, as with her claim for civil conspiracy, plaintiff failed to allege the object of defendants' alleged agreements was illegal or facts from which that conclusion could be reached. Even a broad construction of the petition's allegations cannot in this case cure its defects. Plaintiff has failed to state a cause of action for restraint of trade in violation of § 416.031.1 RSMo 1986.

The trial court properly dismissed plaintiff's petition, because the petition failed to state a claim upon which relief could be granted. Plaintiff chose not to amend her petition on two occasions at the trial court level, and she did not request that we remand the case to permit amendment. The dismissal with prejudice was appropriate.

Judgment affirmed.

CRIST and REINHARD, JJ., concur.