**Lonnie SNELLING, Appellant,**

v.

**CITY OF ST. LOUIS, DEPT. OF PUBLIC UTILITIES–WATER DIVISION, and Board of Police Commissioners, Respondents.**

No. 66520.

Missouri Court of Appeals,
Eastern District,
Division Four.

May 2, 1995.

Lonnie Snelling, U. City, pro se.

Michael F. Stelzer, Tyrone A. Taborn, James L. Malchefts, St. Louis, for respondents.

SIMON, Judge.

Plaintiff, Lonnie Snelling, pro se appeals from the dismissal of his petition against the City of St. Louis, Department of Public Utilities–Water Division (Water Division) and the Board of Police Commissioners (Board).

On appeal, plaintiff contends the trial court erred when it (1) dismissed his petition because it was filed in a timely manner and it stated a cause of action, and (2) converted the motion to dismiss into one for a summary judgment. We affirm in part and reverse in part. Plaintiff has filed motions to strike defendants' supplemental legal file and to dismiss the appeal for lack of jurisdiction. These motions were ordered to be taken with the case. We deny the motions.

In determining the sufficiency of a petition to which a motion to dismiss is directed, we give the petition its broadest intendment, treating all facts alleged as true. *Johnston v. Norrell Health Care, Inc.*, 835 S.W.2d 565, 567[1, 2] (Mo.App.E.D.1992). Further, we construe all the allegations favorably to the plaintiff to determine whether they invoke principles of substantive law and

inform defendant of what plaintiff will attempt to establish at trial. *Id.*

The petition indicates on March 26, 1985, plaintiff purchased a four-family flat numbered 5619 and 5621 Maple Avenue from the City of St. Louis. The flat lacked a water shut-off valve which plaintiff alleges should have been installed prior to the sale. Water Division has since installed the shut-off valve and attempted to charge plaintiff for the installation. Plaintiff alleges that these actions have caused him great stress and emotional harm. In June 1990, plaintiff and Water Division entered an agreement that water service was to be terminated for 5619 and that billing should cease as of July 13, 1990.

The petition further indicates on September 18, 1992, plaintiff's house was broken into and some property was stolen. He alleges that the police have recovered some of his items, but he is unable to claim them because they lack serial numbers for identification. October 16, 1992, plaintiff requested that water service and billing be reconnected for 5619 and disconnected for 5621. Plaintiff alleges his first bill for 5619 was $393.37. Plaintiff paid $43.69, the normal charges for water service. In February, 1993, plaintiff received a second bill for $778.23. Subsequently, plaintiff met with Water Division regarding the discrepancies. Water Division refused to remove the excess charges and stated plaintiff must pay the amount due or the water service would be discontinued.

On July 23, 1993, plaintiff entered into a lease for 5619–A. On July 30, 1993, Water Division dug up the sidewalk in front of plaintiff's property. On the same day, plaintiff alleges that Water Division entered his property and reconnected the water for 5621 without plaintiff's permission causing damage to the property. Two days later, plaintiff alleges that Water Division entered his property without permission and disconnected the water service to 5619.

On August 3, 1993, the court issued a restraining order against Water Division, subsequently, water service was restored to plaintiff's property. However, plaintiff alleges that Water Division has threatened to disconnect his service daily. Later, plaintiff filed his third amended petition against defendants alleging; breach of a verbal contract, concealment of a known defect on real property and conspiracy, deprivation of property without due process of law, property damage, trespassing, and interference with a contractual relationship. On December 1, 1993, defendants filed a motion to dismiss for failure to state a cause of action. Plaintiff was given thirty days to amend his petition and to serve the affected parties. Subsequently, plaintiff filed his fourth amended petition.

■ Defendants filed a motion to dismiss plaintiff's petition for failure to file the fourth amended petition in a timely manner and for failure to state a claim, which was granted. Although an appellant has the right to appeal pro se, he is bound by the same rules of procedure as attorneys, and is not entitled to any indulgence that would not have been given if he were represented by counsel. *Brown v. City of St. Louis,* 842 S.W.2d 163[3] (Mo.App.E.D.1992).

In his motion to strike defendants' supplemental legal file plaintiff contends it does not comply with court rules because (1) he had no knowledge of the documents contained in defendants' supplemental legal file, and (2) it was not certified. Defendants' motion to submit a supplemental legal file was granted and a certified copy was filed. Rules 81.12(c) and 81.12(e). Motion denied.

In his motion to dismiss for lack of jurisdiction, plaintiff alleges that he was never served with a copy of the supplemental legal file. Defendants filed a certificate of service showing that the service was completed by mail. Rules 81.12(c), 43.01(c)(2) and 43.01(d). Motion denied.

In plaintiff's first point on appeal, he contends the trial court erred when it dismissed his petition because he filed his petition in a timely manner and because it stated a cause of action. Although we agree that plaintiff's amended petition was filed within the time granted by the trial court, nevertheless, we shall sustain the order to dismiss if we find that plaintiff's petition did not plead a claim for relief. *Johnston,* 835 S.W.2d at 567.

Plaintiff's petition contains seven counts; (1) injunctive relief against Water Division for enforcement of a prior agreement, and removal of the excess amounts on his bill, (2) damages for intentional infliction of emotional distress by Water Division for not installing a water shut-off valve, (3) deprivation of property by the Police Department without due process of law, (4) property damage, (5) trespassing, (6) interference with contract relationship, and (7) deprivation of water service without due process.

▮ To state a claim for injunctive relief against Water Division, plaintiff must plead he has no adequate remedy at law. *Moseley v. City of Mountain Grove*, 524 S.W.2d 444, 449[8–9] (Mo.App.1975). The petition does not affirmatively show on its face by the facts pleaded that plaintiff has no adequate and complete remedy at law. Such allegations are jurisdictional and must be pleaded. *Id.*

▮ To state a claim for intentional infliction of emotional distress by Water Division, plaintiff must plead that 1) Water Division should have realized its conduct involved an unreasonable risk of causing the distress and 2) the emotional distress must be medically diagnosable and of sufficient severity to be medically significant. *Bass v. Nooney Co.*, 646 S.W.2d 765, 772[4, 5] (Mo. banc 1983). Plaintiff fails both requirements. He failed to plead that Water Division should have known that selling property, without proper shut-off valve installation, involved an unreasonable risk of causing emotional distress. *Ford v. Aldi, Inc.*, 832 S.W.2d 1, 2[3, 4] (Mo.App.W.D.1992). Furthermore, mere assertions that he has suffered a relapse of an existing medical condition fails to allege that his emotional distress is medically diagnosable and medically significant. *Id.*

▮ In his third count plaintiff alleges he is entitled to damages from the Board for deprivation of property without due process of law because the Police Department will not allow him to recover his property without proper serial number identification. Essentially, plaintiff is alleging an action for wrongful detention of his property. To state a claim for replevin, plaintiff must plead his right to immediate possession of the property at the time the suit was filed and that the Police Department possessed it and was wrongfully detaining it. *Fawley v. Bailey*, 512 S.W.2d 477, 479[3–5] (Mo.App.1974). Plaintiff did not plead facts to satisfy these requirements. Furthermore, we find it unreasonable for plaintiff to be allowed to view each and every recovered property item that is in the control of the St. Louis Police Department.

▮ For logic's sake we take his fourth and fifth counts together. To state a claim for trespassing and tortious acts committed after entry onto property, plaintiff must first plead Water Division entered his property without permission or license. *Wright v. Edison*, 619 S.W.2d 797, 803[13] (Mo.App.1981). It is well established that a public utility company may adopt and enforce, as a reasonable regulation, a rule that service will be discontinued for those customers who are allegedly in default. *W.S. Yates v. White River Valley Electric Co–Operative*, 414 S.W.2d 808, 812[5] (Mo.App.1967). Although Water Division may have had a license to enter his property, it still may be liable if it committed a tortious act while on the property. *Davis v. Jefferson Sav. & Loan Ass'n*, 820 S.W.2d 549, 544[5] (Mo.App. 1991). Plaintiff has satisfied the pleading requirements for this count because he pled that Water Division entered his property and, in direct opposition to an agreement to withhold water service, reconnected the flow of water which caused damage to his property. Because plaintiff has pled that Water Division exceeded the scope of its license, its actions may become a trespass for which it may be liable. *Wright*, 619 S.W.2d at 803[13].

▮ In his sixth count to state a claim for Water Division's interference with contractual relationships, plaintiff must plead (1) the existence of a contract or a valid business relationship, (2) Water Division's knowledge of the contractual relationship, (3) the intentional interference by Water Division induced or caused a breach of the contractual relationship, (4) the absence of justification for the interference, and (5) the damages resulting from Water Division's conduct. *Fischer, Spuhl, Herzwurm & Associates, Inc. v. For-*

*rest T. Jones & Co.,* 586 S.W.2d 310, 315[8] (Mo. banc 1979). Plaintiff failed to plead Water Division's knowledge of the contractual relationship and the absence of justification of its actions.

In his seventh count he alleges deprivation of his water service without due process. As we cited earlier, utility companies are authorized to enter onto customers' property to discontinue service for customers allegedly in default. *Yates,* 414 S.W.2d at 812[5].

In plaintiff's second point on appeal, he contends that the trial court converted the motion to dismiss into a summary judgment which violates his constitutional rights. The record lacks any evidence to support plaintiff's contention. Point denied.

Since we found that plaintiff stated a claim for relief for property damage, we reverse the trial court's judgment as to count four but affirm as to the remaining counts. Judgment affirmed in part and reversed in part.

AHRENS, P.J., and KAROHL, J., concur.