Roger T. MACKEY, Appellant,

v.

Connie R. MACKEY, Rushville State
Bank, Ruth Sampson and Nelson
Sampson, Respondents.

No. WD 50763.

Missouri Court of Appeals,
Western District.

Jan. 23, 1996.

Charles S. Wilcox, St. Joseph, for respondent Rushville State Bank.

Arthur J. Meers, St. Joseph, for respondent Sampson.

Philip Eveloff, St. Joseph, for respondent Connie Mackey.

Before BRECKENRIDGE, P.J., and ULRICH and LAURA DENVIR STITH, JJ.

ULRICH, Judge.

Roger T. Mackey appeals the dismissal of his petition for failure to state a cause of action. The claims for damages in the petition were based on theories of civil conspiracy and the tort of outrage. Respondents Nelson and Ruth Sampson seek frivolous appeal damages.

The judgment is affirmed; the motion for frivolous appeal damages is denied.

### Background

In Count I of his petition, Mr. Mackey alleged that the Rushville State Bank, Connie R. Mackey, and Nelson and Ruth Sampson had wrongfully and fraudulently conspired to deprive him of his equity interest in certain real property. The civil conspiracy claim was based on the following facts:

During their marriage, Roger and Connie Mackey bought a ten-acre tract of land in rural Dekalb County, Missouri. In 1990, the Mackeys executed a deed of trust and promissory note on the property to the Rushville State Bank. In 1992, Ms. Mackey filed for divorce. Ms. Mackey continued to live on the property, and Mr. Mackey made some payments on the note. Nevertheless, the payments stopped, and the bank foreclosed. The bank bought the property at the foreclosure sale in January 1993. Ms. Mackey continued to live on the property after the sale in spite of the bank's threats to evict her. In May 1993, Mr. Mackey offered to buy the property from the bank for $100,000. In October 1993, the Mackeys' divorce became final. In December 1993, the bank sold the property to Ms. Mackey and her parents, Nelson and Ruth Sampson.

In Count II, Mr. Mackey incorporated by reference the allegations of Count I. He

William G. Cownie, Lee's Summit, for appellant.

then alleged that the defendants' outrageous actions deprived him of his property interest and caused him severe emotional distress resulting in bodily harm.

### I

Mr. Mackey first asserts that the trial court erred in dismissing his petition for failure to state a cause of action. He insists that, when subjected to a liberal construction, the averments in his petition set out the necessary elements for civil conspiracy and the tort of outrage.

To state a cause of action, a pleading must contain a short and plain statement of the facts showing entitlement to relief. *Lick Creek Sewer Sys. v. Bank of Bourbon,* 747 S.W.2d 317, 322 (Mo.App.1988). Courts disregard conclusions not supported by facts in determining whether a petition states a cause of action. *Id.* A cause of action for civil conspiracy requires pleading facts that support each element, which are: (1) two or more persons, (2) an object to be accomplished, (3) a meeting of the minds on the object or course of action, (4) one or more unlawful overt acts, and (5) resulting damages. *Id.* at 323. The essence of a civil conspiracy is an *unlawful* act agreed upon by two or more persons. *Property Tax Representatives, Inc. v. Chatam,* 891 S.W.2d 153, 159 (Mo.App.1995). *Unlawful,* as the word is used in reference to civil conspiracy, is not limited to conduct that is criminally liable. For example, individuals associating for the purpose of causing a breach of contract is a basis for an unlawful conspiracy actionable in tort. *Id.* at 158–59; *Lick Creek,* 747 S.W.2d at 323; *Garrity v. A.I. Processors,* 850 S.W.2d 413, 418 (Mo.App.1993). However, the conspiracy to breach the contract is not itself actionable. *Garrity,* 850 S.W.2d at 416. Some unlawful act, in furtherance of the conspiracy, to the plaintiff's damage by one or more of the defendant conspirators is the gist of the action. *Id.* Facts that, if true, constitute an unlawful act must be alleged as an element of the tort for a petition to state a civil conspiracy. Merely alleging the commission of *wrongful* acts is conclusory and insufficient to state a claim for civil conspiracy. *Johnston v. Norrell Health Care, Inc.,* 835 S.W.2d 565, 568 (Mo.App.1992).

Mr. Mackey's petition failed to state a cause of action for civil conspiracy. His claim of civil conspiracy asserted conclusions that were not supported by facts. Although the petition alleged that the defendants had wrongfully and fraudulently conspired to deprive him of equity in his property, none of the supporting facts identified an overt illegal act. Mr. Mackey's claim for the tort of outrage also fails because it was premised on the same allegations. Point I is denied.

### II

Mr. Mackey next claims that the trial court abused its discretion in denying him an opportunity to amend his petition. This claim lacks merit. Mr. Mackey has failed to show the existence of any facts that were overlooked or unknown when he originally filed his petition. *Baker v. City of Kansas City,* 671 S.W.2d 325, 329 (Mo.App. 1984). Point II is denied.

### III

Mr. Mackey finally submits that the Sampsons' motion to dismiss lacked the requisite specificity. The point states no basis for appellate relief and is accordingly denied.

### Frivolous Appeal Damages

Respondents Nelson and Ruth Sampson seek frivolous appeal damages. Rule 84.19 authorizes sanctions for frivolous appeal. An appeal is frivolous if it presents no justiciable question and is so readily recognizable as devoid of merit on the face of the record that there is little prospect that it can ever succeed. *Papineau v. Baier,* 901 S.W.2d 190, 192 (Mo.App.1995).

Without discussion, Respondents' motion for sanctions is denied.

### Conclusion

The dismissal of Mr. Mackey's petition is affirmed.

All concur.