Lonnie SNELLING, Plaintiff–Appellant,

v.

The **BOARD OF EDUCATION OF the CITY OF ST. LOUIS, Missouri, a Municipal Corporation, et al., Defendants–Respondents.**

No. 68971.

Missouri Court of Appeals,
Eastern District,
Division Four.

March 26, 1996.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 30, 1996.

Lonnie Snelling, University City, Pro Se.

Lashly & Baer, P.C., Kenneth C. Brostron and Nelson G. Wolff, St. Louis, for respondents.

Before PUDLOWSKI, P.J., and SIMON and HOFF, JJ.

*ORDER*

PER CURIAM.

In this case, Lonnie Snelling filed suit against the Board of Education for inverse condemnation. Count I of Snelling's petition asserts that the Board of Education inversely condemned his land by allowing activities to take place on school property that purportedly resulted in damage to Snelling's adjacent property. Count II of Snelling's petition requested injunctive relief.

Snelling appeals from three interlocutory orders made final upon the trial court's dismissal of the cause without prejudice. The first order, entered on February 24, 1994, sustained the Board of Education's motion to dismiss for failure to state a claim upon which relief can be granted and dismissed two of the defendants from Count II of Snelling's Third Amended Petition. The second order, entered on July 7, 1994, sustained the Board's motion to dismiss the remaining defendants from Count II of Snelling's Fourth Amended Petition for failure to state a claim upon which relief can be granted. Count II was thereby dismissed in its entirety with prejudice. The third order, entered on July 26, 1995, sustained the Board's motion for sanctions against Snelling due to his failure to appear at his own properly noticed deposition and ordered Snelling to pay the Board $43.10 for the cost of taking the deposition.

The first order to dismiss dated February 24, 1994 and the second order to dismiss dated July 7, 1994 are sustained by sufficient grounds to support each motion to dismiss. The third order imposing sanctions dated July 26, 1995 is not an abuse of the court's discretion. An extended opinion would have no precedential value.

Judgment affirmed pursuant to Rule 84.16(b).