Lonnie **SNELLING**, Plaintiff–Appellant,

v.

**WASHINGTON APARTMENTS LIMITED PARTNERSHIP, et al., Defendants–Respondents.**

No. 72580.

Missouri Court of Appeals, Eastern District, Division Three.

Jan. 6, 1998.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 4, 1998.

Application to Transfer Denied April 21, 1998.

Rosenblum, Goldenhersh, Silverstein & Zafft, P.C.; Jeffrey A. Cohen, Clayton, for

respondent Washington Apartments Limited Partnership.

Kenneth C. Brostron & Rick A. Courtney, St. Louis, for respondent St. Louis City Board of Education, Its Members in their Official Capacity.

KAROHL, Judge.

Plaintiff, Lonnie Snelling, appeals after the trial court dismissed Counts I through V and Count IX of a ten count petition. Snelling did not appeal Counts VI through VIII. Snelling was the only plaintiff on these counts. A co-plaintiff, David Love, was the sole plaintiff on Count X, which was dismissed in the same judgment. Love filed a separate appeal, No. 72572. We have jurisdiction because the court entered an appropriate Rule 74.01(b) finding.

■ Snelling filed the petition *pro se*. We review, giving the petition its broadest intendment, construing all allegations in favor of the appellant, and determining whether appellant stated any claim for relief under substantive law. *Vollman v. Rosenburg*, 950 S.W.2d 914, 915 (Mo.App. E.D.1997). However, the allegations in the petition are not organized, contain numerous conclusions as distinguished from allegations of fact and a poor use of spelling and grammar. These observations apply equally to the appellant's *pro se* brief on appeal. It is fairly debatable whether the appellant's brief complies with the requirements of Rule 84.04. Moreover, appellant's jurisdictional statement alleges that he has appealed from a final judgment, but argues in his first point on appeal that Rule 74.01(b) is not applicable to interlocutory orders which are the subject of his appeal. The procedural facts support a finding that the dismissals of the trial court disposed of all claims and all issues in the counts which were dismissed. Default judgments granted on other counts against other defendants are immaterial to this finding. We have appellate jurisdiction and appellant's first point on appeal is denied.

■ Plaintiff's second point involves Count IX which attempted to allege a cause of action of interference with a business relationship against defendant Washington

Apartments Limited Partnership (Washington Apartments). We can only surmise the claim of error is the trial court's dismissal was improper, as a matter of law, because plaintiff failed to allege an element which is not part of an interference with contract cause of action. The argument is unsupported by the judgment. The trial court cited *Central Bank of the Lake of the Ozarks v. Shackleford*, 896 S.W.2d 948, 954 (Mo.App. S.D.1995), as a source for identifying five elements of the cause of action. Generally, plaintiff attempted to allege a cause of action by asserting his tenants in rental real estate were induced to move from plaintiff's to defendant's property. There was no error in determining the petition failed to state a cause of action where the pleading merely alleged defendant Washington Apartments "did steal" tenants from plaintiff. That allegation is conclusory in nature and not otherwise supported by factual allegations and therefore must be disregarded in determining whether the petition states a claim upon which relief can be granted. *Schott v. Beussink*, 950 S.W.2d 621, 629 (Mo.App. E.D. 1997). Count IX failed to comply with the requirements of Rule 55.05 which requires a short and plain statement of facts showing plaintiff is entitled to relief. Point denied.

■ Plaintiff's third point argues error in dismissal of Counts II and V against City of St. Louis, Department of Public Utilities–Water Division (Water Division) and its employees, individually and officially. We need not review all of the assorted arguments of error in point three. These claims are barred by the doctrine of res judicata. They were the subject of a dismissal in a prior proceeding and affirmed by this court in *Snelling v. City of St. Louis Dep't of Public Utilities—Water Div.*, 897 S.W.2d 642, 645 (Mo.App. E.D.1995). In addition, the claims are barred by the provisions of Section 537.600 RSMo 1994, which extends immunity, whether the Water Division was acting in a governmental or proprietary capacity, except in cases involving a dangerous condition of property or operation of a motor vehicle. Plaintiff's allegations involve neither exception. Moreover, the allegation in these counts failed to allege individual defendants

were performing ministerial as opposed to discretionary functions. *State ex rel. St. Louis State Hosp. v. Dowd,* 908 S.W.2d 738, 741 (Mo.App. E.D.1995). The allegations in Counts II and V are insufficient to meet the requirements of Rule 55.05. Point denied.

In point four, Snelling argues the court erred in relying on res judicata as authority for dismissals of Counts III and IV against the Water Division for trespass and interference with a business relationship. These claims were previously asserted and decided in prior litigation. They are barred by the doctrines of collateral estoppel or res judicata.

■ In his fifth point, plaintiff argues error in dismissal of his cause of action against the St. Louis City Board of Education (Board of Education), and others, on counts which attempted to allege a cause of action for inverse condemnation, property damage and trespass. Plaintiff purchased real estate which abutted a public school. He alleged that students and others played baseball on the school grounds and caused baseballs to come upon his property. Then, individuals would come on his property to retrieve the baseballs. Plaintiff argues these events supported a claim of inverse condemnation of his property. However, he pled only consequential damages, not damages from a taking and failed to state a cause of action for inverse condemnation. Furthermore, he had an opportunity to litigate these issues in a prior action where he sued for monetary damages and injunctive relief to prevent ball playing on the school property. *Snelling v. Board of Educ. of City of St. Louis,* 920 S.W.2d 611 (Mo.App. E.D.1996). Point denied.

Snelling's last point is the trial court abused it discretion in denying leave to file an amended petition where the motion was filed on January 17, 1997, and the judgment sustaining motions of defendants Board of Education and others was entered on December 20, 1996. The grounds for dismissal suggests that amendment would have served no useful purpose. We find no abuse of discretion in denying leave to amend after

the motions to dismiss were sustained. Point denied.

We affirm.

AHRENS, P.J., and CRANDALL, J., concur.