

# NUMBER 13-23-00274-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE STEVEN PEREZ

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

**Before Justices Tijerina, Silva, and Peña**
**Memorandum Opinion by Justice Peña[1]**

Relator Steven Perez, proceeding pro se, has filed a petition for writ of mandamus contending that the trial court abused its discretion by failing to rule on relator's motion for a hearing regarding post-trial discovery under the Michael Morton Act. *See* TEX. CODE CRIM. PROC. ANN. art. 39.14. Perez was convicted of murder, and this Court upheld his conviction on direct appeal. *See Perez v. State*, No. 13-08-00296-CR, 2009 WL 1607811,

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

at *1 (Tex. App.—Corpus Christi–Edinburg Feb. 26, 2009, pet. ref'd) (mem. op., not designated for publication).[2] In summary, Perez contends that the State wrongfully withheld the mental health records of his codefendant, and he seeks a hearing on his motion to compel this documentation.

In a criminal case, to be entitled to mandamus relief, the relator must establish both that the act sought to be compelled is a ministerial act not involving a discretionary or judicial decision and that there is no adequate remedy at law to redress the alleged harm. *See In re Meza*, 611 S.W.3d 383, 388 (Tex. Crim. App. 2020) (orig. proceeding); *In re Harris*, 491 S.W.3d 332, 334 (Tex. Crim. App. 2016) (orig. proceeding) (per curiam); *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding). If the relator fails to meet both requirements, then the petition for writ of mandamus should be denied. *State ex rel. Young v. Sixth Jud. Dist. Ct. of Apps. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). It is the relator's burden to properly request and show entitlement to mandamus relief. *See id.*; *In re Pena*, 619 S.W.3d 837, 839 (Tex. App.—Houston [14th Dist.] 2021, orig. proceeding); *see also Barnes v. State*, 832 S.W.2d

---

[2] In addition to the direct appeal of his conviction, Perez has filed additional appeals and original proceedings with this Court. *See In re Perez*, No. 13-21-00234-CR, 2021 WL 3354184, at *1 (Tex. App.—Corpus Christi–Edinburg Aug. 2, 2021, orig. proceeding) (mem. op., not designated for publication) (denying mandamus relief for the failure to rule on a motion); *Perez v. State*, No. 13-16-00517-CR, 2016 WL 6520184, at *1 (Tex. App.—Corpus Christi–Edinburg Nov. 3, 2016, pet. ref'd) (mem. op., not designated for publication) (per curiam) (dismissing appeal for want of jurisdiction); *In re Perez*, Nos. 13-16-00593-CR & 13-16-00594-CR, 2016 WL 6519109, at *1 (Tex. App.—Corpus Christi–Edinburg Nov. 2, 2016, orig. proceeding) (mem. op., not designated for publication) (per curiam) (denying relator's petition for writ of mandamus seeking orders of acquittal); *Perez v. State*, No. 13-16-00297-CR, 2016 WL 3548664, at *1 (Tex. App.—Corpus Christi–Edinburg June 23, 2016, pet. ref'd) (mem. op., not designated for publication) (per curiam) (dismissing appeal for want of jurisdiction); *In re Perez*, Nos. 13-10-00211-CR & 13-10-00212-CR, 2010 WL 1509576, at *1 (Tex. App.—Corpus Christi–Edinburg Apr. 13, 2010, orig. proceeding) (mem. op., not designated for publication) (per curiam) (denying relator's petition for writ of mandamus seeking release from "illegal confinement").

424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks.").

The Court, having examined and fully considered the petition for writ of mandamus, is of the opinion that Perez has failed to meet his burden to obtain relief. Accordingly, we deny the petition for writ of mandamus.

L. ARON PEÑA JR.
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
6th day of July, 2023.