

# NUMBERS 13-24-00037-CR, 13-24-00038-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE JASON OMAR MORENO

### On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Chief Justice Contreras and Justices Benavides and Tijerina
### Memorandum Opinion by Justice Benavides[1]

Relator Jason Omar Moreno filed a pro se petition for writ of mandamus arising from trial court cause numbers J-370-94-F and CR-2486-94-A in the 332nd District Court of Hidalgo County, Texas, docketed respectively in our appellate cause numbers 13-24-00037-CR and 13-24-00038-CR. Relator contends generally that: Hidalgo County officials are failing to comply with the law; he has not been provided with copies of documents pertaining to his criminal convictions; and the appellate records are

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

incomplete or incorrect.[2]

In a criminal case, to be entitled to mandamus relief, the relator must establish both that the act sought to be compelled is a ministerial act not involving a discretionary or judicial decision and that there is no adequate remedy at law to redress the alleged harm. *See In re Meza*, 611 S.W.3d 383, 388 (Tex. Crim. App. 2020) (orig. proceeding); *In re Harris*, 491 S.W.3d 332, 334 (Tex. Crim. App. 2016) (orig. proceeding) (per curiam); *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding). If the relator fails to meet both requirements, then the petition for writ of mandamus should be denied. *State ex rel. Young v. Sixth Jud. Dist. Ct. of Apps. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).

It is the relator's burden to properly request and show entitlement to mandamus relief. *See State ex rel. Young*, 236 S.W.3d at 210; *In re Pena*, 619 S.W.3d 837, 839 (Tex. App.—Houston [14th Dist.] 2021, orig. proceeding); *see also Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam) ("Even a

---

[2] Relator has filed several other appeals and original proceedings in this Court. *See, e.g.*, *In re Moreno*, Nos. 13-23-00543-CR & 13-23-00548-CR, 2023 WL 8609202, at *1 (Tex. App.—Corpus Christi–Edinburg Dec. 12, 2023, orig. proceeding) (mem. op., not designated for publication); *Moreno v. State*, No. 13-21-00409-CR, 2023 WL 4943334, at *1 (Tex. App.—Corpus Christi–Edinburg Aug. 3, 2023, pet. ref'd) (mem. op., not designated for publication); *In re Moreno*, No. 13-22-00318-CR, 2022 WL 2838426, at *1 (Tex. App.—Corpus Christi–Edinburg July 20, 2022, orig. proceeding) (mem. op., not designated for publication); *In re Moreno*, No. 13-22-00184-CR, 2022 WL 1273312, at *1 (Tex. App.—Corpus Christi–Edinburg Apr. 28, 2022, orig. proceeding) (mem. op., not designated for publication); *In re Moreno*, No. 13-22-00135-CR, 2022 WL 1025145, at *1 (Tex. App.—Corpus Christi–Edinburg Apr. 6, 2022, orig. proceeding) (mem. op., not designated for publication); *Moreno v. State*, No. 13-21-00391-CR, 2022 WL 322561, at *1 (Tex. App.—Corpus Christi–Edinburg Feb. 3, 2022, no pet. h.) (mem. op., not designated for publication); *In re Moreno*, No. 13-21-00226-CR, 2021 WL 3269362, at *1 (Tex. App.—Corpus Christi–Edinburg July 30, 2021, orig. proceeding) (mem. op., not designated for publication); *Moreno v. Thompson*, No. 13-16-00063-CV, 2016 WL 3068241, at *1 (Tex. App.—Corpus Christi–Edinburg May 26, 2016, no pet.) (per curiam) (mem. op.); *In re Moreno*, No. 13-16-00262-CR, 2016 WL 2967990, at *1 (Tex. App.—Corpus Christi–Edinburg May 13, 2016, orig. proceeding) (per curiam) (mem. op., not designated for publication); *Moreno v. State*, 987 S.W.2d 195, 198 (Tex. App.—Corpus Christi–Edinburg 1999, pet. ref'd).

pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). In addition to other requirements, the relator must include a statement of facts and a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record. *See generally* TEX. R. APP. P. 52.3 (governing the form and contents for a petition). Further, the relator must file an appendix and record sufficient to support the claim for mandamus relief. *See id.* R. 52.3(k) (specifying the required contents for the appendix); R. 52.7(a) (specifying the required contents for the record).

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that relator has not met his burden to obtain relief. *See In re Meza*, 611 S.W.3d at 388; *In re Harris*, 491 S.W.3d at 334. Accordingly, we deny the petition for writ of mandamus in each of the foregoing cause numbers.

GINA M. BENAVIDES
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
8th day of January, 2024.